In re Helene KAUFMAN, Debtor.

David FELDMAN, Plaintiff,

v.

Helene KAUFMAN, Defendant.

Bankruptcy No. 87 B 20436.
Nos. 88 Adv. 6010, 88 Adv. 6011.

United States Bankruptcy Court,
S.D. New York.

May 4, 1988.

Javits, Robinson, Brog, Leinwand & Reich, New York City, for plaintiff.

Nathan Horowitz, White Plains, N.Y., for defendant.

## DECISION ON COMPLAINT TO DETERMINE DISCHARGEABILITY

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Plaintiff, David Feldman, has filed an adversary proceeding against the debtor, Helene Kaufman, seeking to have his claim against her determined to be nondischargeable under 11 U.S.C. § 523(a)(2)(A), in that she allegedly obtained property from the plaintiff by false pretenses and actual fraud. A second cause of action in the complaint alleges that the debtor has committed fraud or defalcation while acting in a fiduciary capacity within the meaning of 11 U.S.C. § 523(a)(4). The debtor has filed an answer in which she denies the essential allegations in the complaint and asserts that the plaintiff fails to state a cause of action for which relief can be had because the plaintiff is not a creditor of the debtor.

Additionally, for some unexplainable reason, the debtor has filed a counterclaim against the plaintiff seeking affirmative relief on two causes of action, notwithstanding that a debtor's counterclaim is improper in dischargeability cases and that the trustee in bankruptcy, and not the debtor, is the proper person to recover claims for the estate. *See Willemain v. Kivitz*, 764 F.2d 1019 at 1022 (4th Cir.1985) citing *In re Silverman*, 10 B.R. 734, 735 (Bankr. S.D.N.Y.1981), *aff'd* 37 B.R. 200, 201.

Notwithstanding the debtor's questionable counterclaim, to which the plaintiff has not objected, the debtor has moved pursuant to Rule 56 of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7056, for summary judgment dismissing the complaint because the first cause of action is barred by the doctrines of *res judicata* and collateral estoppel, in that a similar complaint by the plaintiff against the debtor had been dismissed previously in the New York Supreme Court, County of New York by order of Mr. Justice Shorter, dated January 28, 1987. The debtor also asserts that the second claim for fiduciary fraud should also be dismissed because it fails to allege fraud with sufficient specificity.

## DISCUSSION

On September 18, 1987, the debtor filed with this court her voluntary petition pursuant to Chapter 7 of the Bankruptcy Code and an order for relief was immediately entered.

In a complaint filed in the New York Supreme Court pursuant to a summons dated August 1, 1986, plaintiff alleged that he owned 50% of the stock of Davco Food Service, Corp. ("Davco") and that the debtor owned the other 50%. Plaintiff further alleged that he entered into a written agreement to sell his stock in Davco to one Emil V. Gorla for $175,000; the sum of $50,000 to be paid at the sale and the balance of $125,000 to be paid over a period of 48 months pursuant to 96 promissory notes, in bi-monthly installments of $1525.80 each. The plaintiff also alleged in the state court complaint that the debtor entered into a secret written agreement with Emil V. Gorla wherein Gorla agreed to act as the agent for the debtor for the purchase of plaintiff's stock and that the debtor agreed to provide the funds for Gorla's purchase as his undisclosed principal. The first three causes of action in plaintiff's state court complaint sought recovery on the unpaid promissory notes as a result of this default and acceleration. The forth cause of action in the state court complaint alleged fraud, in that the debtor falsely represented that Emil V. Gorla was the actual purchaser and that he had sufficient funds to pay the notes, which was not the case.

The state court dismissed the first three causes of action set forth in plaintiff's complaint on the ground that:

No person can be liable on a negotiable instrument unless his or her signature appears on the instrument (Uniform Commercial Code § 3–401). This principle holds true even if it is assumed that [the debtor] is an undisclosed principal on the underlying transaction.

(citation omitted). The state court also dismissed the plaintiff's fourth cause of action for fraud, holding that a cause of action for promissory fraud is not established by the mere allegation that the defendant failed to perform under a contract.

The state court then said:

However, there is no reason why plaintiff cannot seek recovery against [the debtor] for breach of contract on the theory that she is an undisclosed principal.

Therefore, the state court dismissed the plaintiff's complaint, without prejudice, to the commencement of a new action, with leave to replead a cause of action for breach of contract, within 20 days after service of a copy of the dismissal order, with notice of entry.

The plaintiff alleges that he was served with a copy of the dismissal order with notice of entry on September 25, 1987, which was seven days after the debtor had commenced her Chapter 7 case on September 18, 1987, and that he was precluded from repleading in the state court because of the automatic stay imposed under 11 U.S.C. § 362(a).

### THE NONDISCHARGEABILITY FRAUD CLAIM

The complaint recites the facts with respect to the plaintiff's sale of his interest in Davco to Emil V. Gorla and his receipt of the defaulted promissory notes. The complaint also alleges that the debtor was the undisclosed principal under the purchase agreement and the ultimate transferee of his Davco stock. Plaintiff further states that had the existence of the principal-agent relationship between the debtor and Gorla been disclosed to him, he would not have entered into the purchase agreement. He further alleges that he received no part of the unpaid principal balance under the purchase agreement and that the debtor is liable to him for the amount due, namely $122,064. On the basis of these allegations, plaintiff asserts that the debtor has obtained property from him by false pretenses, false representations and actual fraud and that the debt owed to him by the debtor is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

It is abundantly clear that the state court did not bar plaintiff from suing the debtor for breach of contract as an undisclosed principal. Indeed, the state court granted plaintiff leave to replead in order to assert the debtor's liability under the purchase agreement as an undisclosed principal. The plaintiff's previous action against the debtor on the promissory notes, which was dismissed and which he is barred from repleading by application of the doctrine of *res judicata*, is not at all reasserted in the plaintiff's nondischargeability claim. The plaintiff simply charges that the debtor is liable as an undisclosed principal under the Davco stock purchase agreement, and that this liability arose as a result of the debtor's alleged false representations and actual fraud within the meaning of 11 U.S.C. § 523(a)(2)(A).

The doctrine of *res judicata*, or claim preclusion, is distinguishable from the principle of collateral estoppel in that *res judicata* forecloses all that which might have been litigated previously by the parties, whereas collateral estoppel treats as final only those issues actually and necessarily decided in a prior suit. *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979); *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979). In *Brown v. Felsen*, 442 U.S. 127, 139, 99 S.Ct. 2205, 2213, 60 L.Ed.2d 767 (1979), in dealing with the principle of *res judicata*, the Supreme Court noted in footnote 10 that if a state court determined factual issues in a state law question, using standards identical to those of § 17 of the former Bankruptcy Act (now 11 U.S.C. § 523), the principle of collateral estoppel, in the absence of countervailing policy,

would bar relitigation of those issues in the bankruptcy court.

■■■ Manifestly, the issues of false representations and actual fraud, which the debtor seeks to preclude in the instant case, are not the same issues as the debtor's liability under the promissory notes, as alleged in the plaintiff's state court action. *See In re Overmyer*, 52 B.R. 111 (Bankr.S. D.N.Y.1985). The bankruptcy courts have exclusive jurisdiction in dischargeability cases. *See* Ferriell, *The Preclusive Effect of State Court Decisions in Bankruptcy*, 59 Am.Bankr.L.J. 55, 59 (1985). The state court's non-final dismissal of the plaintiff's promissory note claim, coupled with the granting of leave to the plaintiff to replead a contractual cause of action against the debtor as an undisclosed principal, does not bar plaintiff's nondischargeability claim premised on 11 U.S.C. § 523(a)(2)(A).

■■■ Although the plaintiff may not assert a cause of action against the debtor for liability under the promissory notes issued by Emil V. Gorla, even as an undisclosed principal, it does not follow that the plaintiff lacks standing as a creditor for the purpose of holding the debtor liable for breach of contract on the theory that she is an undisclosed principal. Accordingly, the plaintiff holds a claim against the debtor within the meaning of that term, as defined in 11 U.S.C. § 101(4), so that he may properly contest the nondischargeability of that claim pursuant to 11 U.S.C. § 523.

■■■ The second claim in the complaint is directed to fiduciary fraud or defalcation, as expressed in 11 U.S.C. § 523(a)(4). In order to sustain a claim on this ground it must appear that the debtor acted in a fiduciary capacity. The issue of fiduciary status for purposes of this section is one of federal law, although state law is an important factor in determining whether or not a fiduciary relationship exists. *Driggs v. Black (In re Black )*, 787 F.2d 503, 506 (10th Cir.1986). Plaintiff has not alleged that under New York law one stockholder of a corporation owes a fiduciary duty to another individual stockholder. Although a majority stockholder may owe a fiduciary duty to minority stockholders collectively under certain circumstances, there is no basis for concluding that the debtor, as a 50% stockholder, owed any specific duty to the plaintiff individually merely because the plaintiff was also a 50% stockholder of Davco. *See Driggs v. Black (In re Black )*, 787 F.2d at 506. Moreover, the term "fiduciary" applies only to express or technical trusts and does not extend to implied trusts, which are imposed on transactions by operation of law as a matter of equity. *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 333, 55 S.Ct. 151, 153–154, 79 L.Ed. 393 (1934); *Johnson v. Cashway, Inc., (In re Johnson )*, 691 F.2d 249, 251 (6th Cir.1982). Thus, the fiduciary relationship must have existed prior to the conduct complained of by the plaintiff and without reference to it. *Davis v. Aetna Acceptance Co.*, 293 U.S. at 333–34, 55 S.Ct. at 153–54; *Johnson v. Cashway Inc. (In re Johnson )*, 691 F.2d at 251 (6th Cir. 1982). The second claim in the complaint merely alleges a fiduciary relationship and does not state when that relationship arose or the basis for such a fiduciary relationship. Therefore, the second claim is insufficient as a matter of law for purposes of asserting a nondischargeability claim under 11 U.S.C. § 523(a)(4).

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(B).

2. The debtor's motion for summary judgment dismissing both claims pleaded in the complaint on the theory that plaintiff is not a creditor is denied.

3. The plaintiff's cross-motion to dismiss the debtor's second affirmative defense of *res judicata* and collateral estoppel is granted.

4. The debtor's motion for dismissal of the complaint, as directed to the plaintiff's second claim, which is predicated on fiduciary fraud, is granted, without prejudice to plaintiff's repleading sufficient facts to support a claim under 11 U.S.C. § 523(a)(4).

The second claim merely alleges a fiduciary relationship and does not state when that relationship arose or the basis for such a relationship.

SUBMIT ORDER on notice.