**In re Julia GADSDEN, Debtor.**

**NEW YORK CITY HOUSING AUTHORITY, Plaintiff,**

**v.**

**Julia GADSDEN, Defendant.**

**Bankruptcy No. 190–15713–260. Adv. No. 191–1102.**

United States Bankruptcy Court, E.D. New York.

June 3, 1991.

Anthony K. Dilimetin, P.C., New York City, for debtor/defendant.

Mark W. Schlussel, Simon, Meyrowitz, Meyrowitz & Schlussel, New York City, for plaintiff.

## DECISION ON DEBTOR/DEFENDANT'S MOTION TO DISMISS ADVERSARY PROCEEDING PURSUANT TO BANKRUPTCY RULE 7012(b)(6)

CONRAD B. DUBERSTEIN, Chief Judge.

Before the Court is the defendant/debtor's motion to dismiss the above captioned adversary proceeding pursuant to Bankruptcy Rule 7012 and Federal Rule of Civil Procedure 12(b)(6) ("F.R.C.P.") for failure to state a claim upon which relief may be granted. The relief sought in the adversary proceeding is to have the debt due from the defendant/debtor to the plaintiff/creditor deemed nondischargeable. For the reasons stated below, the Debtor's motion is denied.

### FACTS

Julia Gadsden (the "Debtor" or "Defendant") filed a petition for relief under Chapter 7 of the Bankruptcy Code. The New York City Housing Authority (the "Plaintiff") is listed on the Debtor's schedule A–3 as an unsecured creditor for $19,042.74. The Plaintiff timely commenced this adversary proceeding pursuant to section 523(a)(2)(A)[1] of the Bankruptcy Code and Bankruptcy Rule 4007 objecting to the dischargeability of its debt.

The Debtor was a tenant in Prospect Plaza Houses (the "Premises"), which is owned and operated by the Plaintiff. According to an agreement of lease which the Debtor and Plaintiff entered into, the rent which the Plaintiff may charge is based upon the tenant's income.

Plaintiff alleges that from 1985 to 1988 the Defendant failed to inform the Plaintiff that she was employed and failed to submit required income information until December 1988 thus obtaining the use of the Premises at a rent lower than what she was entitled. The complaint also states that after the Debtor supplied the Plaintiff with information regarding her income, the Debtor was notified that she owed the Plaintiff for retroactive rent. Sometime afterward the Plaintiff commenced an action suing the Debtor for the back rent. On June 11, 1990, a judgment in favor of the Plaintiff and against the Debtor, in the sum of $21,059.77, was entered in the office of the clerk of the Civil Court, County of New York. At the time the Debtor filed her petition for relief $19,042.74 was due and owing on that judgment.

The Plaintiff argues that inasmuch as the Debtor obtained the use and occupancy of the Premises from 1985–1988 by false pretenses and by making false and fraudulent representations the debt owed to it for retroactive rent should be deemed nondischargeable.

---

1. Section 523(a) of the Bankruptcy Code states in pertinent part:

(a) A discharge under section 727 of this title does not discharge an individual debtor from any debt—

\* \* \* \* \* \*

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the Debtor's or an insider's financial condition;

In lieu of an answer, the Debtor moved to dismiss this adversary proceeding pursuant to Bankruptcy Rule 7012 and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The Debtor submitted an affirmation and memorandum of law in support of its motion. The Plaintiff also submitted an affirmation and memorandum of law in opposition to the Debtor's motion. A hearing on the motion was held before this court at which time it reserved decision.

## DISCUSSION

The purpose of a motion under Bankruptcy Rule 7012 which tracks F.R.C.P. 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief. "[I]t is not a procedure for resolving a contest about the facts or the merits of the case." 5A Wright & Miller, Federal Practice and Procedure § 1355 (2d ed. 1990).

A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would not be entitled to recover under any state of facts which could be proved in support of the claim.... In determining whether to grant the motion the court must view the allegations of the complaint in the light most favorable to the plaintiff, accepting as true all well pleaded [sic] facts. *In re Stewart–Brown*, 8 B.R. 593 (Bankr.N.D.Ga.1981). *See F.D.I.C. v. Wise*, 758 F.Supp. 1414, 1416 (D.Colo.1991); *Raine v. Lorimar Productions, Inc.*, 71 B.R. 450, 452 (S.D.N.Y. 1987); *In re Black & Geddes, Inc.*, 16 B.R. 148, 151 (Bankr.S.D.N.Y.1981).

Thus the issue before the Court is, considering the facts alleged in the complaint in a light most favorable to the plaintiff, do the allegations constitute a claim for relief under section 523(a)(2)(A) of the Bankruptcy Code.

In order to establish a cause of action under section 523(a)(2)(A) one must establish five elements: (1) the debtor made the representations; (2) that at that time he knew they were false; (3) that he made them with the intention and purpose of deceiving the creditor; (4) that the creditor relied on such representations; and (5) that the creditor sustained the alleged loss and damage as the proximate result of the representations having been made. *In re Long*, 124 B.R. 54, 55 (N.D.Ohio 1991); *In re Davis*, 115 B.R. 346, 349 (Bankr.N.D.Fla. 1990); *In re Gans*, 75 B.R. 474, 482 (Bankr. S.D.N.Y.1987).

For the Plaintiff to survive the instant motion to dismiss for failure to state a claim, this Court must find that the pleader "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist." 5A Wright & Miller, Federal Practice and Procedure, § 1357 at 340 (2d ed. 1990).

The Debtor maintains that the complaint is facially insufficient in two respects. First, that the complaint fails to allege that the Debtor made any materially false misrepresentations to the Plaintiff. The Plaintiff in its memorandum of law points out that some cases have held that "silence, or the concealment of a material fact, can be the basis of a false impression which creates a misrepresentation actionable under section 523(a)(2)(A)." *Matter of Weinstein*, 31 B.R. 804, 809 (Bankr.E.D.N.Y. 1983). *See In re Dunston*, 117 B.R. 632 (Bankr.D.Colo.1990); *Matter of Milbank*, 1 B.R. 150 (Bankr.S.D.N.Y.1979). It further contends that the complaint alleges that since the Debtor failed to disclose her employment, such omission created a false impression which gave rise to a misrepresentation inducing the Plaintiff to let the Premises at a reduced rent. Hence, Plaintiff argues that the complaint is not defective because in fact it does so allege that the Debtor made a misrepresentation.

Second, the Debtor further maintains even if this Court should conclude that the conduct alleged constitutes a materially false misrepresentation, section 523(a)(2)(A) is inapplicable, as the fraudulent misrepresentation would relate solely to the Debtor's financial condition.

Section 523(a)(2)(A) excludes a false financial statement as a basis for deeming a debt nondischargeable. It is section 523(a)(2)(B) which specifically addresses the

use of a false financial statement as a basis for objecting to the dischargeability of a debt. However, that section provides that only those false financial statements made by the Debtor in writing can be used to object to the dischargeability of a debt.

The Plaintiff's response to this argument is that at least one court has interpreted the phrase "financial statement" narrowly as a statement that specifically states a debtor's or insider's net worth. The misrepresentation that is at issue here is one involving the Debtor's employment and income as opposed to a misrepresentation as to a Debtor's net worth. Therefore, the Plaintiff argues that the misrepresentation in this case is not one involving a false financial statement and the misrepresentation is actionable under 523(a)(2)(A).

■ In passing on a motion to dismiss for failure to state a claim upon which relief can be granted it is not appropriate to take into consideration the Plaintiff's likelihood of success. The Court should focus upon whether the information alleged could support some form of relief. It is this Court's finding that the complaint is not so ambiguous, deficient, far-fetched or unartfully pleaded that it could in no way support a cause of action under 523(a)(2)(A). The complaint includes a plain statement of a claim which could entitle the Plaintiff to the relief requested. The Court is mindful that it should be "especially reluctant to dismiss on the basis of the pleading when the asserted theory of liability is novel or extreme, since it is important that new legal theories be explored and assayed in the light of actual facts rather than a pleader's suppositions." 5A Wright & Miller, Federal Practice and Procedure § 1357 at 343 (2d ed. 1990).

■ Although no answer has been interposed, it appears likely that there is no genuine issue of material fact. There seems to be no controversy that the Debtor did not provide the Plaintiff with information regarding her income and employment. The only issues presented are issues of law, specifically whether the Debtor's omissions constitute grounds for deeming the debt nondischargeable. Thus this adver-

sary proceeding may be best resolved by converting this motion to a motion for summary judgment.

Federal Rule of Civil Procedure 12(b)(6) made applicable to these proceedings through Bankruptcy Rule 7012 allows a court to convert a motion to dismiss for failure to state a claim upon which relief can be granted into a motion for summary judgment. Rule 12(b) states in part:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

The addition at the end of subdivision (b) makes it clear that on a motion under Rule 12(b)(6) extraneous material may not be considered if the court excludes it, but that if the court does not exclude such material the motion shall be treated as a motion for summary judgment. In this case oral argument has been heard by this court on this motion. As materials outside the pleading have been offered and accepted in conjunction with this 12(b)(6) motion, it is appropriate to convert this motion to one for summary judgment under Federal Rule of Civil Procedure 56. *See Keating v. BBDO International, Inc.,* 438 F.Supp. 676, 680 (S.D.N.Y.1977); *Restivo v. Conservative Party of the State of New York,* 391 F.Supp. 813 (S.D.N.Y.1975); *Scott v. Dollahite,* 54 F.R.D. 430 (D.C.Miss.1972).

■ This Court is aware that before it may treat a motion to dismiss under 12(b)(6) as a motion for summary judgment it must give both parties notice so as to allow each party a reasonable opportunity to submit affidavits and extraneous proofs and avoid taking a party by surprise. *See In re Edmonds,* 924 F.2d 176 (10th Cir. 1991). Therefore it is this Court's decision to give the Plaintiff and Debtor 30 days from the entry of this Order to submit any

materials they wish considered on a motion for summary judgment.

## CONCLUSION

1. This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. section 1334 and section 157(a). This is a core proceeding in accordance with 28 U.S.C. 157(b)(2)(I) concerning determinations as to the dischargeability of particular debts.

2. The Debtor's motion to dismiss the Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and Bankruptcy Rule 7012 is denied.

3. Pursuant to Federal Rule of Civil Procedure 12(b) and Bankruptcy Rule 7012 the Debtor's motion to dismiss is converted to and shall hereinafter be treated by this Court as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 and Bankruptcy Rule 7056.

4. The Debtor and Plaintiff have 30 days from the entry of this decision to submit any affidavits, depositions, or extraneous proofs they want this Court to consider in ruling on the motion for summary judgment.

5. SETTLE ORDER CONSISTENT WITH THIS OPINION.