In re Mark KRESSNER, Debtor.

Hilda GORE, Executrix of the Estate of Bernard Gore, Deceased Plaintiff,

v.

Mark KRESSNER, Defendant.

Bankruptcy No. 91–B–21431.
No. 93 ADV. 5045.

United States Bankruptcy Court,
S.D. New York.

May 25, 1993.

Holm Krisel & O'Hara, New York City, for plaintiff.

Richard A. Osserman, New York City, for debtor.

### HEARING ON MOTION FOR SUMMARY JUDGMENT

HOWARD SCHWARTZBERG,
Bankruptcy Judge.

Mark Kressner, the debtor in this Chapter 7 case, has moved for summary judgment in an adversary proceeding commenced by Hilda Gore, the executrix of the estate of Bernard Gore ("Gore"), to declare the estate's claim non-dischargeable under 11 U.S.C. §§ 523(a)(2) and (4) and to deny the debtor's discharge under 11 U.S.C. §§ 727(a)(3), (4) and (6). The debtor argues that he is entitled to judgment as a matter of law for various reasons. With respect to the First Cause of Action which is based upon 11 U.S.C. § 523(a)(2)(A), the debtor contends that the action should be dis-

missed because the plaintiff is barred by the doctrine of *res judicata* from asserting fraud allegations which were previously litigated in a state court action. The debtor argues that the plaintiff's Second and Third Causes of Action which charge him with fiduciary fraud and embezzlement under 11 U.S.C. § 523(a)(4) must be dismissed because he was not a fiduciary and his activities did not constitute embezzlement as contemplated by the statute. In addition, the debtor argues that the plaintiff's action to deny his discharge must be dismissed because the undisputed facts do not support the asserted claims. The plaintiff opposes the debtor's motion and argues that summary judgment is inappropriate in this case because there are material facts in issue.

## FACTUAL BACKGROUND

The debtor in this voluntary Chapter 7 case was formerly a practicing attorney. The plaintiff is the executrix of the estate of Gore, a deceased lawyer. Gore was an attorney who practiced law in New York State from 1935 until his death in 1982. In 1980, Gore began to refer negligence and medical malpractice cases to the debtor who agreed to share the net fee earned in each case equally with Gore. It is unclear from the papers submitted to the court in connection with this motion whether the fee splitting agreement was oral or written. If the contract was written, neither the debtor nor the plaintiff submitted a copy to the court as an exhibit nor has either party submitted a statement of undisputed facts required under Local Bankruptcy Rule 13(h).

The debtor paid Gore a referral fee in connection with most of the cases. However, the debtor did not split his fees with Gore with respect to some of the referred cases. The debtor contended that Gore was not entitled to a referral fee for those cases because he did not contribute any legal work to them. As a result of the debtor's failure to divide the legal fees, the plaintiff, on behalf of Gore's estate, commenced an action in the Supreme Court, New York County seeking a determination that the agreement entered into between

Gore and the debtor was valid and enforceable. The plaintiff also sued the debtor for fraudulently inducing Gore to enter into the referral agreement. In the state court complaint, the plaintiff alleged:

> 28. That at the time said representations of fact were made, they were fraudulently made to induce the decedent to enter into the aforesaid agreement.
> 29. That at the time the Defendant made said fraudulent representations, he was fully possessed of the intent to deceive and defraud the decedent by not honoring his contractual obligations.

*Debtor's Exhibit B*, at ¶ 28 and 29.

The state court, in a written decision dated December 30, 1988, ruled that the agreement between Gore and the debtor was enforceable because Gore had performed work on the cases in question. The court determined that the debtor was liable on the contracts to Gore for $507,938.07. The court dismissed the plaintiff's fraud claim. In dismissing that cause of action, the court explained:

> Plaintiff's second cause of action is dismissed since fraud is not an available remedy where the claim is that the defendant entered into a contract with no intention of performing it (*Aces Mechanical Corp. v. Cohen Bros. Realty and Constr. Corp.*, 136 A.D.2d. 503).

*Plaintiff's Exhibit C*, at 3. A judgment reflecting the state court decision was entered on March 2, 1989. Thereafter, on September 16, 1991, the debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code.

On August 28, 1992, this court so ordered a stipulation between the debtor and the plaintiff extending until November 3, 1992 her time to object to the dischargeability of her debt and to the debtor's discharge. Thereafter, on October 29, 1992, the court so ordered a stipulation between the parties further extending the plaintiff's time to object to February 2, 1993. Despite the fact that the plaintiff's time to file a complaint was extended, the clerk's office inadvertently issued a formal notice of the debtor's discharge on September 17, 1992.

This order was subsequently vacated after the stipulation extending time was discovered. On February 2, 1993, the plaintiff filed the complaint in this action. The complaint was timely because it was filed within the time authorized by the stipulation.

The complaint contains six causes of action against the debtor. The plaintiff asserts in the First Cause of Action that her claim against the debtor is non-dischargeable under 11 U.S.C. § 523(a)(2)(A) on the ground that the debtor obtained the legal fees in question by false pretenses. The plaintiff alleges that the debtor's obligation to her should be excluded from discharge because "[A]ll monies obtained by defendant from cases referred to him by plaintiff were obtained by defendant by false pretenses, false representations or actual fraud." *Complaint*, at ¶ 20. The plaintiff explains in her memorandum of law that the First Cause of Action is based upon the debtor's misrepresentations to her after the state court judgment was rendered in her favor. The plaintiff asserts that, in reliance on the debtor's false statements, she delayed instigating legal action to enforce the judgment. As a result of her forbearance, the plaintiff argues that she is now unable collect on the judgment.

The debtor has moved for summary judgment dismissing this claim for the reason that the fraud allegations asserted are barred by *res judicata*. The debtor argues that the fraud claims were already litigated in the state court action which underlies the plaintiff's judgment. The plaintiff opposes the debtor's motion arguing that *res judicata* is inapplicable in this instance because the causes of action presently before this court differ from the claims which were the subject of the state court proceeding.

In the Second Cause of Action, the plaintiff alleges that her claim is not dischargeable under 11 U.S.C. § 523(a)(4) because it arises from the debtor's fraud while he acted as a fiduciary. The plaintiff argues that the fee splitting agreement between the debtor and Gore, by its terms, gave rise to a fiduciary relationship. The debtor argues that this cause of action must be dismissed, as a matter of law, because a contract for splitting of legal fees does not implicate a fiduciary relationship.

The plaintiff also asserts in the Third Cause of Action that her claim is non-dischargeable under 11 U.S.C. § 523(a)(4) because it arose as a result of the debtor's embezzlement. In support of this allegation, the plaintiff argues that the debtor fraudulently misappropriated funds which he was obliged to render to Gore under the fee splitting agreement. The plaintiff asserts that the debtor embezzled the funds while he acted as both a fiduciary and in his individual capacity. The debtor has moved for summary judgment dismissing this cause of action on the grounds that he was not a fiduciary for Gore, as a matter of law, and that he was never indicted or charged with the crime of embezzlement.

In the Fourth Cause of Action, the plaintiff asserts that the debtor's discharge should be denied pursuant to 11 U.S.C. § 727(a)(3) because the debtor failed to keep or preserve books and records. The plaintiff alleges in her Fifth Cause of Action that the debtor's discharge should be denied under 11 U.S.C. § 727(a)(4)(A) because the debtor knowingly falsely listed his assets on his petition. In her Sixth Cause of Action, the plaintiff asserts that the debtor's discharge should be denied under 11 U.S.C. §§ 727(a)(6)(A) and (C) because the debtor failed to appear an examination ordered by the court under Federal Rule of Bankruptcy Procedure 2004 which had been adjourned several times to accommodate the debtor. The plaintiff also alleges that the debtor failed to produce documents in violation of this court's order.

The debtor has moved for summary judgment dismissing the plaintiff's Fourth and Sixth Causes of action on the ground that the plaintiff's attorney failed to proceed with discovery on the adjourned dates. The debtor argues that he was ready to go forward with discovery and to produce all relevant documents in his possession. The debtor seeks a dismissal of the Fifth Cause of action alleging that he disclosed all of his assets and liabilities on his petition.

The debtor seeks costs and sanctions against the plaintiff and her counsel under Federal Rule of Civil Procedure 11 which is incorporated by Federal Rule of Bankruptcy Procedure 9011. In support of his position, the debtor claims that the action asserted by the plaintiff is frivolous and not based upon applicable law. Rather, the debtor alleges that the action was asserted in bad faith in furtherance of a vendetta that the plaintiff and her attorney have against him.

## DISCUSSION

The debtor has moved for summary judgment under Federal Rule of Civil Procedure 56, which is made applicable to this proceeding by Bankruptcy Rule 7056. In ruling on a motion for summary judgment, the court must review the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, to determine if there is no genuine issue as to any material fact so that the moving party is entitled to a judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 599, 106 S.Ct. 1348, 1363, 89 L.Ed.2d 538 (1986). The nonmoving party may oppose a summary judgment motion by making a showing that there is a genuine issue as to a material fact in support of a verdict for that party. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510.

### First Cause of Action

In the First Cause of Action, the plaintiff seeks a declaration that her claim is non-dischargeable under 11 U.S.C. § 523(a)(2)(A) which excludes from discharge any debt:

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
(A) false pretenses, a false representation, or actual fraud, other than a statement in writing respecting the debtor's or an insider's financial condition;

11 U.S.C. § 523(a)(2)(A). To establish the non-dischargeability of a claim under this section, the creditor must show that the debtor made material misrepresentations, the debtor intended to deceive the creditor and that the creditor relied on the misrepresentations. *In re Gadsden*, 128 B.R. 45, 47 (Bankr.E.D.N.Y.1991). If the plaintiff is barred by *res judicata* from asserting the fraud allegations, the debtor's motion for summary judgment must be granted.

The doctrine of *res judicata* precludes the litigation of any claim that was available to a party in a prior proceeding regardless of whether the judgment actually determined that ground or claim. *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 2427, 69 L.Ed.2d 103 (1981); *Prime Management Co., Inc. v. Steinegger*, 904 F.2d 811, 812 (2d Cir.1990). *Res judicata* is applicable where there is a valid, final judgment on the merits, rendered by a court of competent jurisdiction, based on the same cause of action as the action currently before the court and involving the same parties or parties in privity with them. *Parklane Hoisery Co., Inc. v. Shore*, 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979); *N.L.R.B. v. United Technologies Corp.*, 706 F.2d 1254, 1259 (2d Cir. 1983); *Herendeen v. Champion Int'l Corp.*, 525 F.2d 130, 133 (2d Cir.1975); J. Moore & T. Currier, *Moore's Federal Practice* ¶ 0.411(2), at 1281 n. 1 (2d ed. 1982). If these foregoing requirements are satisfied, the allegations set forth in the First Cause of Action will be precluded by *res judicata*.

The state court entered a judgment dismissing the plaintiff's assertions that the debtor fraudulently induced Gore into entering into the fee splitting agreement. The judgment is final, on the merits. It was rendered by a court of competent jurisdiction, namely, the New York State Su-

preme Court. The previous action involved the same parties or parties in privity with them.

Nevertheless, the claim set forth in the First Cause of Action is not based upon the same cause of action that was the subject of the prior judgment. The test for determining whether the causes of action are the same is not at all rigid, as elucidated by the following language:

> The Second Circuit has adopted a broad view of what constitutes the same cause of action. Actions need not be identical; they only need to be integrally related. In assessing claims, the Court considers several related factors, not one of which is necessarily dispositive, including: (1) whether the same transaction or connected series of transactions is at issue; (2) whether the same evidence is needed to support both claims; and (3) whether the facts essential to the second action were present in the first.

*G & T Terminal Packaging v. Consol. Rail Corp.*, 719 F.Supp. 153, 158 (S.D.N.Y. 1989) (citations omitted). In this case, the pending action and the state court proceeding are based upon the same transaction, namely the fee splitting agreement. However, the facts and the evidence necessary to prove this action clearly differ from the facts that sustained the state court action. The pending action is based upon the debtor's actions after the state court judgment was entered.

■ It is well settled that although *res judicata* may bar the litigation of claims that arose prior to a previous judgment, it does not bar those claims which did not exist at the time that the judgment was entered and could not have been raised in the earlier action. *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 328, 75 S.Ct. 865, 868, 99 L.Ed. 1122 (1955); *Prime Management*, 904 F.2d at 816. Therefore, in this case, *res judicata* may only preclude the plaintiff from advancing in the complaint assertions that were raised or could have been raised in the state court action. The plaintiff's allegations that the debtor fraudulently induced her to forbear from exercising her rights under the state court judg-

ment could not have been asserted in the state court action because the facts underlying the assertion did not occur until after the entry of the judgment. Accordingly, the plaintiff is not barred by *res judicata* from asserting this claim. It should be noted that *res judicata* bars the plaintiff from asserting an action against the debtor for fraudulently inducing Gore to enter into the fee splitting agreement because this issue was already actually litigated in the state court.

### Second and Third Causes of Action

■ In the Second and Third Causes of Action, the plaintiff seeks a declaration that her claim is non-dischargeable under 11 U.S.C. § 523(a)(4) which excepts from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). The plaintiff alleges in the Second Cause of Action that the debtor's obligation to her is non-dischargeable because the debtor committed fraud while acting in a fiduciary capacity. In order for a debt to be non-dischargeable for fraud or defalcation while acting in a fiduciary capacity, it must be initially established that the debtor acted in a fiduciary capacity. *Teichman v. Teichman (In re Teichman)*, 774 F.2d 1395, 1398 (9th Cir.1985); *In re Balzano*, 127 B.R. 524, 532 (Bankr. E.D.N.Y.1991); *In re Richey*, 103 B.R. 25, 31 (Bankr.D.Conn.1989); *In re Kaufman*, 85 B.R. 706, 710 (Bankr.S.D.N.Y.1988). Accordingly, in this case, if the fee splitting arrangement between the debtor and Gore does not give rise to a fiduciary relationship, the debtor's motion for summary judgment must be granted. The debtor has alleged that the agreement he entered into with Gore to divide legal fees does not give rise to a fiduciary relationship as a matter of law.

■ Fiduciary status under 11 U.S.C. § 523(a)(4) is determined under federal law, although state law is an important factor in deciding whether a fiduciary relationship exists. *In re Stone*, 94 B.R. 298 (D.S.D.N.Y.1988), *aff'd*, 880 F.2d 1318 (1988); *Driggs v. Black (In re Black)*, 787

F.2d 503, 506 (10th Cir.1986); *In re Schwenn*, 126 B.R. 351, 352 (D.Colo.1991); *In re Goseland*, 114 B.R. 263, 268 (D.Kan. 1990); *In re Jardula*, 122 B.R. 649, 656 (Bankr.E.D.N.Y.1990); *Kaufman*, 85 B.R. at 710. In general, a contractual relationship does not give rise to a fiduciary relationship. Indeed, a substantial factor to be considered in determining the existence of a fiduciary relationship is the intent to create a trust relationship, rather than a contractual relationship. *In re Gans*, 75 B.R. 474, 490 (Bankr.S.D.N.Y.1987).

In this case, the debtor alleges that the fee splitting agreement was merely a contract and does not impose fiduciary duties upon him. The plaintiff argues that nature and the terms of the agreement give rise to a fiduciary relationship. The provisions of the contract are unclear from the exhibits submitted to this court and the court does not have the contract itself. Accordingly, because there is an issue as to the substance of the agreement, the debtor's motion for summary judgment to dismiss the Second Cause of Action must be denied.

In the Third Cause of Action, the plaintiff objects to the dischargeability of her claim against the debtor on the ground that the debt resulted from the debtor's embezzlement. Embezzlement under 11 U.S.C. § 523(a)(4) is to be determined under federal common law, which defines it as the fraudulent appropriation of money by a person to whom such property had been entrusted or into whose hands it has lawfully come. *In re Bevilacqua*, 53 B.R. 331, 333 (Bankr.S.D.N.Y. 1985). To establishment embezzlement for non-dischargeability purposes, the claimant must show that the debtor misappropriated funds for his own purpose and that he did so with a fraudulent intent or deceit. *Id.* at 334. In this case, the debtor's motion for summary judgment to dismiss the Third Cause of Action must be denied because there is a question of fact as to the debtor's state of mind when he failed to divide the fees with Gore.

This court rejects the debtor's argument that the action should be dismissed because the debtor was not a fiduciary with respect to the fee splitting agreement. An obligation may be found non-dischargeable for embezzlement under 11 U.S.C. § 523(a)(4) even if the debtor did not act in a fiduciary capacity. *In re Stephens*, 51 B.R. 591, 595 n. 3 (9th Cir.B.A.P. 1985); *In re Crosswhite*, 91 B.R. 156, 159 (Bankr.M.D.Fla.1988); *Jardula*, 122 B.R. at 653. Likewise, the debtor's contention that his motion for summary judgment should be granted because he was never charged with the crime of embezzlement is incorrect. Embezzlement for purposes of 11 U.S.C. § 523(a)(4) is determined pursuant to federal law. *Balzano*, 127 B.R. at 532; *Jardula*, 122 B.R. at 653; *Bevilacqua*, 53 B.R. at 333.

### Fourth, Fifth and Sixth Causes of Action

The debtor's motion for summary judgment with respect to the Fourth, Fifth, and Sixth Causes of Action must be denied because there are material issues of fact in question. With respect to the Fourth Cause of Action in which the plaintiff seeks a denial of the debtor's discharge under 11 U.S.C. § 727(a)(3) on the ground that he abandoned books and records, the parties dispute whether the documents were abandoned. Similarly, with respect to the plaintiff's Fifth Cause of Action in which the plaintiff objects to the debtor's discharge under 11 U.S.C. § 727(a)(4)(A) on the ground that he knowingly and fraudulently made a false oath or account, the parties dispute whether the debtor's petition is complete. The plaintiff charges that the debtor failed to list assets on his petition while the debtor asserts that he listed all of his property. Finally, the debtor's motion for summary judgment dismissing the Sixth Cause of Action must be denied because the record is unclear as to whether or not the debtor failed to appear at an examination ordered by the court under Federal Rule of Bankruptcy Procedure 2004. There is a question of fact requiring denial of summary judgment, especially because there is no Rule 13(h) statement set-

ting forth this otherwise easily ascertainable fact.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 134 and 157(a). This is a core proceeding in accordance with 28 U.S.C. §§ 157(b)(2)(A), (I) and (J).

2. The debtor's motion for summary judgment to dismiss the plaintiff's First Cause of Action which is based upon 11 U.S.C. § 523(a)(2)(A) is denied. This action, in which the plaintiff's alleges that the debtor made false representations to induce her from collecting her judgment, is not precluded from being raised by *res judicata* because it could not have been raised by the plaintiff in the state court action.

3. The debtor's motion for summary judgment to dismiss the Second Cause of Action which is based upon 11 U.S.C. § 523(a)(4) is denied because there are facts in issue regarding whether the fee splitting agreement created a fiduciary relationship.

4. The debtor's motion for summary judgment to dismiss the Third Cause of Action which is also based upon 11 U.S.C. § 523(a)(4) is denied because there is an issue as to whether the debtor misappropriated the legal fees in question with fraudulent intent.

5. The debtor's motion for summary judgment to dismiss the Fourth, Fifth and Sixth Causes of Action which are based upon various subsections of 11 U.S.C. § 727 is denied because there are material facts in dispute which are relevant to the actions.

6. The debtor's motion for costs and sanctions is denied because the plaintiff's action is warranted under existing law and has been asserted in good faith.