**In re Jerome and Carole JACONE, Debtors.**

**Caesar and Ann DeROSA, Plaintiffs,**

**v.**

**Jerome and Carole JACONE, Defendants.**

**Bankruptcy No. 93 B 20093 (HS).**
**93 ADV. 5160A.**

United States Bankruptcy Court,
S.D. New York.

July 27, 1993.

Patrick J. Leddy, New York City, for plaintiffs.

Daniel Graubart, White Plains, NY, for debtors.

## DECISION ON MOTION TO DISMISS COMPLAINT

### HOWARD SCHWARTZBERG, Bankruptcy Judge.

Jerome and Carole Jacone, the debtors, have moved under Federal Rule of Civil Procedure 12(c) and Federal Rule of Bankruptcy Procedure 7012 to dismiss the complaint in the adversary proceeding commenced by creditors Caesar and Ann DeRosa (the "DeRosas") to declare the nondischargeability of their claim pursuant to 11 U.S.C. §§ 523(a)(2) and (4) or, in the alternative, that their claim be treated as a secured debt. The debtors argue that they are entitled to judgment upon the facts set forth in the pleadings because it is clear that the elements necessary to the DeRosas' causes of action have not been satisfied. The DeRosas oppose the debtors motion and allege that the facts, as stated in their papers, support their underlying causes of action.

### FACTUAL BACKGROUND

The debtors filed a voluntary joint petition for protection under Chapter 7 of the United States Bankruptcy Code on January 19, 1993. Shortly thereafter, a trustee was duly appointed to administer their estate in bankruptcy. The DeRosas are the parents of the debtor Carole Jacone and are creditors in this case. The debtors' obligation to the DeRosas arises from a judgment which evolved from a series of state court proceedings.

In 1987, the debtors brought an action against the DeRosas in New York State Supreme Court seeking enforcement of an oral agreement wherein the DeRosas promised to convey their home to the debtors in exchange for the debtors' commitment to maintain the home. Following a trial, on June 12, 1989, a judgment was entered by the court against the DeRosas in the amount of $83,600.00 which represented compensation for the amount of maintenance performed on the home. The court also directed that the DeRosas' home be sold to satisfy the judgment.

The DeRosas appealed the state court decision. Pending the disposition of the appeal, they entered into a stipulation with the debtors which was so ordered by the state court on January 16, 1990. The parties agreed that the DeRosas would sell the home and that $50,000.00 of the proceeds was to be turned over to the debtors' counsel who was to hold the money in escrow until the debtors purchased a new home. The stipulation provided that if an appellate court reduced the damages award, the debtors would issue a mortgage in favor of the DeRosas on the debtors' new home for the difference between the amount awarded and $50,000.00. In the event that the appellate court did not reduce the damages award, the DeRosas agreed to render the additional amount to the debtors.

Pursuant to the stipulation, the DeRosas placed $50,000.00 with the debtors' counsel to be held in escrow. Thereafter, the debtors purchased their present home at 45 Pineridge Avenue, White Plains, New York for $230,000.00. The debtors used the $50,000.00 which had been placed in escrow to effectuate the purchase. They obtained a mortgage for $186,000.00 from the Travelers Mortgage Services, Inc. which subsequently assigned their interest to GE Capital Mortgage Service ("GE Capital").

In May, 1991, the Appellate Division, Second Department modified the judgment by deleting the amount awarded to the debtors. The Appellate Division remanded the matter to the trial court so that the amount of damages could be recomputed. On December 8, 1992, the lower court issued a decision which substantially reduced the damages award. The debtors were awarded $28,781.59, or $19,605.77 plus $6,175.82 in interest. The court ordered the debtors to issue a mortgage on the Pineridge property in favor of DeRosas for $24,218.41, the difference between the $50,000.00 previously placed in escrow by the debtors and the recomputed damages. The debtors failed to issue the mortgage. The DeRosas neglected to file a lien upon the Pineridge property.

Thereafter, the debtors filed their Chapter 7 petition and listed the DeRosas on their schedules as unsecured creditors in the amount of $25,000.00. The petition states that the Pineridge property is valued at $165,000.00. The outstanding balance on this GE Capital mortgage is listed $181,061.00. The DeRosas filed this adversary proceeding against the debtors for a declaration that their claim is nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2) and (4). They also seek, in the alternative, that this court impose a lien on the Pineridge property in their favor for equitable reasons.

In support of their action under 11 U.S.C. § 523(a)(2)(A), the DeRosas allege that the debtors, intending to deceive, misrepresented that they would issue a mortgage on the Pineridge property in their favor. The DeRosas allege that they materially relied on the false representations made by the debtors to their detriment. The DeRosas also assert that their claim should be excepted from the debtors' discharge under 11 U.S.C. § 523(a)(4) on the ground that the debt was incurred as a result of the debtors' fraud while they acted in a fiduciary capacity. The complaint states that, pending the appeal, pursuant to the stipulation executed between the parties, the debtors were fiduciaries with respect to the funds in escrow. In the alternative, the DeRosas seek an order granting them a lien on the Pineridge property for equitable reasons. However, the DeRosas did not set forth any reasons in their complaint which support this request. After filing an answer, the debtors moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(c) and Federal Rule of Bankruptcy Procedure 7012.

## DISCUSSION

### *Federal Rule of Civil Procedure 12(c)*

Pursuant to Federal Rule of Civil Procedure 12(c), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7012, a court may grant a motion for judgment on the pleadings upon the motion of any party after the pleadings are closed. Under Federal Rule of Civil Procedure 7(a), if no counterclaim or cross-claim is pleaded in the answer, the pleadings are closed unless the court orders a reply.[1] In deciding a motion for judgment on the pleadings, a court will only consider statements which appear in the pleadings. *See Hotel St. George Assoc. v. Morgenstern*, 819 F.Supp. 310, 317 (S.D.N.Y.1993). For purposes of the motion, the court must view the pleadings in the light most favorable to the nonmoving party and must draw all reasonable inferences in favor of that party. *MaDonna v. U.S.*, 878 F.2d 62, 65 (2d Cir.1989). A court may grant judgment on the pleadings only if, on the undisputed facts, the moving party is clearly entitled to judgment as a matter of law. *Juster Assoc. v. City of Rutland, Vt.*, 901 F.2d 266, 269 (2d Cir.1990). In this case, the pleadings are comprised of the complaint and the answer. Thus, in deciding the debtors' motion under Rule 12(c), the court will consider only these documents.

### *First Cause of Action*

In the First Cause of Action, the DeRosas allege that the debtors' obligation to them is nondischargeable under 11 U.S.C. § 523(a)(2)(A), which excepts from discharge "any obligation obtained by false pretenses, a false representation, or actual fraud other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). To sustain a cause of action under this section, a creditor must establish the following elements: (1) the debtor made representations which the debtor knew were false; (2) the debtor made the representations with the intent to deceive; (3) the creditor relied on the false

---

1. Federal Rule of Civil Procedure 7(a) provides as follows:

    **Pleadings.** There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.
    Fed.R.Civ.P. (7)(a).

representation; and (4) the creditor suffered a loss as a result of this reliance. *In re Kressner*, 155 B.R. 68, 72 (Bankr. S.D.N.Y.1993); *In re Gadsen*, 128 B.R. 45, 47 (Bankr.E.D.N.Y.1991); *In re Cohen* 69 B.R. 9, 10–11 (Bankr.E.D.N.Y.1986). In the instant case, in order for the debtors to prevail on their motion to dismiss under Rule 12(c), it must be clear from the undisputed facts asserted in the pleadings that a cause of action under 11 U.S.C. § 523(a)(2)(A) cannot be sustained.

The DeRosas allege in their complaint that the debtors, with intent to deceive, falsely represented that they would issue a mortgage in their favor and that they reasonably relied on these misrepresentations to their detriment. Although the debtors deny the allegations set forth in the complaint, for purposes of the motion under Rule 12(c), they must be accepted as true. Thus, because the complaint sets forth a viable claim under 11 U.S.C. § 523(a)(2)(A), the debtors' motion to dismiss the First Cause of Action must be denied.

### Second Cause of Action

■ In the Second Cause of Action, the DeRosas assert that their claim against the debtors is nondischargeable pursuant to 11 U.S.C. § 523(a)(4) which excepts from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). In order for a debt to be nondischargeable for fraud or defalcation while acting in a fiduciary capacity, it must be initially established that the debtor acted in a fiduciary capacity. *Teichman v. Teichman (In re Teichman)*, 774 F.2d 1395, 1398 (9th Cir.1985); *In re Balzano*, 127 B.R. 524, 532 (Bankr.E.D.N.Y.1991); *In re Richey*, 103 B.R. 25, 31 (Bankr.D.Conn. 1989); *In re Kaufman*, 85 B.R. 706, 710 (Bankr.S.D.N.Y.1988). In general, a contractual relationship does not give rise to a fiduciary relationship. A substantial factor to be considered in determining the existence of a fiduciary relationship is the intent to create a trust rather than a contractual relationship. *Kressner*, 155 B.R. at

72–73; *In re Gans*, 75 B.R. 474, 490 (Bankr.S.D.N.Y.1987).

■ In this case, the DeRosas have asserted the elements necessary to sustain a cause of action under 11 U.S.C. § 523(a)(4) in their complaint. They allege that the stipulation that they entered into with the debtors, by its nature and terms, gave rise to a fiduciary relationship and that the debtors engaged in fraud while they stood in a fiduciary capacity. The debtors deny that a fiduciary relationship existed and deny that they defrauded the DeRosas in any way. Manifestly, there are material questions of fact in issue. However, for purposes of the motion under Rule 12(c), the DeRosas' assertions must be accepted as true. Thus, because the DeRosas have set forth facts which support a cause of action under 11 U.S.C. § 523(a)(4), the debtors motion to dismiss the Second Cause of Action must be denied.

### Equitable Lien

■ The DeRosas seek, in the alternative, an order granting them an equitable lien on the Pineridge property. However, there are no facts in the complaint which support this cause of action. The DeRosas have not asserted any equitable grounds which would entitle them to a lien. Accordingly, because there are no facts in the pleadings which support the DeRosas' claim for a lien, this aspect of the complaint is dismissed.

It should be noted that even if the court were to impose a lien on the Pineridge property in favor of the DeRosas, their claim may likely remain unsecured. The status of secured claims is governed by 11 U.S.C. § 506(a) which provides in relevant part as follows:

An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such credi-

tors interest ... is less than the amount of such secured claim.

11 U.S.C. § 506(a).

In this case, according to the information contained in the debtors' bankruptcy petition and the debtors' answer, the mortgage on the Pineridge property exceeds the value of the home. The petition schedules the mortgage at 183,000.00 and indicates that the property value is $165,000.00. Under 11 U.S.C. § 506(a), the portion of the secured claim that exceeds the value of the home, or $18,000.00 according to the petition, is treated as unsecured. Thus, even if the DeRosas were granted a lien, according to the facts that appear in the petition, their claim may be considered unsecured because the amount of secured claims already exceeds the purported value of the property.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(I).

2. The debtors' motion to dismiss the DeRosas' First and Second Causes of Action under Federal Rule of Civil Procedure 12(b) is denied because it is not clear from the pleadings that they are entitled to judgment as a matter of law.

3. The debtors' motion pursuant to Federal Rule of Civil Procedure 12(c) to dismiss the DeRosas action to assert an equitable lien on the Pineridge property is granted because the complaint fails to set forth the grounds upon which the relief sought should be granted.

SETTLE order on notice.