**In re Isaac SILVERMAN, Bankrupt.**

**Isaac SILVERMAN, Movant-Appellant,**

**v.**

**LEUCADIA, INC. (formerly known as James Talcott, Inc.), Respondent-Appellee.**

**Bankruptcy No. 77 B 2988. No. 81 Civ. 4539 (RWS).**

United States District Court, S.D. New York.

Oct. 28, 1982.

Baskin & Sears, P.C., New York City, for movant-appellant; Lawrence A. Mandelker, New York City, of counsel.

Weil, Gotshal & Manges, New York City, for respondent-appellee; Marvin E. Jacob, Martin J. Bienenstock, Tonny K. Ho, New York City, of counsel.

## OPINION

SWEET, District Judge.

The appellant Isaac Silverman ("the bankrupt") has appealed from an order of the Honorable Howard Schwartzberg entered April 24, 1981, 10 B.R. 734, denying him standing to object to a claim filed by Leucadia, Inc. ("Leucadia") and overruling his objections to the claim on the merits. Because I agree with Judge Schwartzberg's opinion on standing and on the merits of the bankrupt's claim, I affirm.

Leucadia filed a general claim of $18,533,-310.43 and an administrative claim of $404,-373.30. The mortgage debts out of which these claims arose are described in Judge Schwartzberg's opinion as well as the circumstances under which the trustee of the bankrupt estate released all its claims against Leucadia and waived all defenses to Leucadia's claims.

Because of the appointment of the trustee and the effect of the release, the bankrupt possesses standing to oppose Leucadia's claim only if it can be demonstrated that the disallowance of the claim would produce a surplus in the estate which would be available to the bankrupt. To date the bankrupt has not done so.

Of course, the trustee may not oppose Leucadia's claim without violating this release and therefore the entire claim stands unopposed unless the bankrupt can establish that the claim has been extinguished. However, even granting that such a possibility might exist, the bankrupt has failed to demonstrate on this record the existence of a surplus.

For the reasons set forth by Judge Schwartzberg, I conclude that Leucadia has exhausted all of its secured interests in the bankrupt's properties and cannot be deprived of its rights as determined by the Supreme Courts of New York and Westchester counties. Judge Schwartzberg correctly rejected the bankrupt's contention that as a matter of law Leucadia by its foreclosure actions had waived its secured position with respect to the Westchester property. The reasoning applies equally to the New York and Westchester proceedings.

Even if the bankrupt's contention is accepted to the effect that the foreclosure judgments obtained to date have extinguished the mortgage debts pursuant to New York Real Property Actions and Proceedings Law § 1371(3) to the extent of the $8,974,801.05 and $2,537,995.78 judgments already obtained, there remains the $7.3 million claim relating to the Chase mortgage now in the process of foreclosure, as to which a deficiency judgment is being sought.

Further, even if all the Leucadia claims except for the administrative claim are assumed to have been extinguished, the bankrupt has not established on the record here that a surplus will in fact exist. Indeed the record indicates to the contrary.

The order below is affirmed.