**In re J.J. MELLON'S, INC., Debtor.**

**Bankruptcy No. 85–00426.**

United States Bankruptcy Court, District of Columbia.

March 13, 1986.

Stanley M. Salus, Docter, Docter & Salus, Washington, D.C., for debtor.

Eugene Propper, Washington, D.C., for Landlord, D.C. One Associates.

## OPINION AND ORDER

GEORGE FRANCIS BASON, Jr., Bankruptcy Judge.

Upon consideration of the "motion for Declaratory Relief and Summary Judgment" filed by G.S. Simon, *pro se*, on December 31, 1985, and the Debtor-in-possession's opposition thereto, it appears that Mr. Simon has filed a proof of claim in the amount of $183,480.28 as a fully secured claim, but the Debtor has listed the claim as "disputed" and "undetermined" in

---

amount, and has listed the market value of the property on which Mr. Simon claims a lien to be $74,325.00. Mr. Simon asks the Court to grant him "summary judgment" in the amount set forth in his proof of claim.

■ The motion cannot be granted because it is premature. In a bankruptcy case, even though a debtor schedules a claim as "disputed," and the creditor files a proof of claim, and there is a genuine dispute between the parties as to the amount due, there is no *justiciable* controversy until the Trustee or debtor-in-possession (or some other party in interest) files an objection to the claim. Section 502(a) of the Bankruptcy Code provides that such a claim "is deemed allowed, unless a party in interest ... objects." The matter is simply not "at issue" until an objection is filed.

■ The reason for the rule set forth in § 502(a) is clear, as is demonstrated by the facts of this very case. This Chapter 11 case was filed on July 15, 1985. Since the filing the Debtor has been engaged in extensive litigation with its landlord involving *inter alia* the Debtor's right to continue to occupy the Debtor's premises. A right to continued occupancy of those premises would appear to be a *sine qua non* to a successful reorganization in this case. Hence, until that litigation is at least partially resolved, it appears highly unlikely that this Debtor will be in a position to file a plan of reorganization. Until a plan of reorganization and an accompanying disclosure statement are filed, or are about to be filed, it is in most instances a waste of both parties' time and money to seek judicial resolution of the precise, allowable amounts of disputed claims. The simple reason is that, until that time, it is a matter of sheer speculation whether creditors (or any particular class of creditors) will receive all, or 90%, or 10%, or none, of whatever this Court may allow as the proper allowable amounts of their claims. In his motion, Mr. Simon has cited no special cir-

cumstances in this case which would make it desirable or necessary to obtain a judicial resolution concerning his particular claim at this early date in the progress of this Debtor's Chapter 11 case. Therefore, the motion will be denied as premature.

In addition, the motion must be denied for total failure to comply with the requirements applicable to summary judgment motions. Summary judgment may be granted to a party only if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56, as incorporated by Bankruptcy Rules 7056 and 9014. The burden on the moving party is a heavy one. In this case, it appears that, under a Termination Agreement between the Debtor and Mr. Simon, the Debtor had a right of offset against its debt to Mr. Simon on account of, *inter alia,* any valid mechanic's liens against the Debtor's premises. Termination Agreement, ¶¶ 7 and 11. The Debtor contends that, by reason of "certain rights of offset ... the Debtor is not indebted to this creditor in any amount." Mr. Simon has attached to his motion certain correspondence between him and the Debtor, including a letter stating: "... I am enclosing herewith substantiation that ... [certain mechanic's] liens are not valid." Unfortunately, the "substantiation" referred to in the letter is not attached to the motion. Nor, in total disregard of the requirements of Fed.R.Civ.P. 56(c) and (e), is Mr. Simon's motion supported by *any* "depositions, answers to interrogatories, and admissions on file" or by *any* affidavit of any sort.

Mr. Simon has also addressed a letter dated January 23, 1986 to the undersigned Judge, stating: "Enclosed herewith are photocopies of letters ..." which he states were sent to the office of the Clerk of this Court, requesting the issuance of subpoenas by the Clerk's Office. Unfortunately, no photocopies of letters nor other enclosures whatever accompanied Mr. Simon's January 23 letter.[1] In any event, it is

---

1. Mr. Simon also declares in that letter: "In addition, on no less than three occasions I have

spoken with the Clerk's Office by telephone regarding the same request." None of the person-

apparent that Mr. Simon is most unlikely to have any present need for any subpoenas in connection with this case, in view of this Court's instant Order. Nevertheless, in view of the second sentence of Fed.R.Civ.P. 45(a), incorporated by Bankruptcy Rule 9016, the Clerk of this Court will be ordered to issue three subpoenas to Mr. Simon signed and sealed but otherwise in blank, for Mr. Simon to fill in before service.

NOW THEREFORE IT IS ORDERED that Mr. Simon's motion for declaratory relief and summary judgment is DENIED; and it is further

ORDERED that the Clerk of this Court is hereby directed to issue to Mr. Simon three subpoenas, signed and sealed but otherwise in blank.

nel in our Clerk's Office has any recollection of any such telephone requests. Perhaps Mr. Si-

mon wrote and spoke to some other office.