**In re WEEKS, THOMAS & LYSAUGHT, CHARTERED, Debtor.**

**Civ. A. No. 88-2251-S.**

United States District Court, D. Kansas.

Dec. 7, 1988.

Bryon Loudon, McDowell, Rice & Smith, Chartered, Kansas City, Kan., for debtor.

Carl R. Clark, Lentz & Clark, Mission, Kan., trustee.

Richard L. Reid, Kansas City, Kan., for creditors.

MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on an appeal from the United States Bankruptcy Court for the District of Kansas. In Judge Benjamin E. Franklin's Order below, he denied the claims of the appellants against the bankruptcy estate and sustained the objections of the debtor to those claims. The appellate jurisdiction of this court is invoked pursuant to Local Rule 810(a), which implements the jurisdiction conferred by Title 28, U.S.C. § 158(a) and Bankruptcy Rule 8001.

This is a Chapter 11 bankruptcy proceeding. The debtor in this case was a law firm and the appellants were three members of its clerical staff. Each appellant filed a claim for unused sick-leave pay in the proceeding below. The original claims were filed on March 18, 1987, and amended on July 24, 1987. The debtor filed objections to appellants' claim on June 29, 1987, but Judge Franklin had already ordered the appointment of a trustee for the estate on June 18, 1987. On August 25, 1987, the trustee filed motions for continuances on each of the debtor's objections to appellants' claims, pointing out that the trustee, rather than the debtor, is the proper party to investigate claims and pursue objections to those claims. The trustee requested the continuance to allow him to review and investigate the claims and determine whether an objection should be pursued. A thirty-day continuance was granted and the trustee did not file any objection to the claims.

Judge Franklin heard evidence on the claims and disallowed them on the grounds that the requests for sick leave were contrary to the written personnel policy of the debtor. Appellants now challenge that ruling on several grounds. The first of these grounds is that the debtor was not the proper party to object to the claims, and since the trustee did not object to the claims, they were prima facie valid. Initially, the court notes that this issue was not raised in the bankruptcy court, but it is fully reflected in the record on appeal in this action. When sitting as a court of

review over the bankruptcy court, the district court has power to consider any issue presented by the record, even if the issue was not presented to the bankruptcy court. *Matter of Pizza of Hawaii, Inc.*, 761 F.2d 1374, 1379 (9th Cir.1985). Therefore, the court will proceed to address the first of appellants' challenges to the ruling below.

Title 11, United States Code, Section 502(a) provides that "[A] claim or interest, proof of which is filed under section 501 of this Title is deemed allowed, unless a party in interest ... objects." Thus, when appellants filed their claims in a bankruptcy court, those claims were presumed allowable unless a "party in interest" objected. The only party which objected to the claims is the debtor. The court must therefore determine whether the debtor was a "party in interest."

After a review of the authorities on this issue, it appears that after a trustee has been appointed, the debtor is no longer a "party in interest" within the meaning of 11 U.S.C. § 502(a). It is stated at 3 Collier on Bankruptcy ¶ 502.01[2] (15th ed. 1988) that:

> The better view is that the debtor himself is not a party in interest.... It would seem that in keeping with the debtor's duty under section 521(3) to cooperate with the trustee as necessary to enable the trustee to perform his duties, the debtor would be limited to advising the trustee and relying upon the exercise of the trustee's duty to object to claims which should not be allowed, in whole or in part, against the debtor's assets ... Simply stated, the duty of the debtor described by section 521(3) does not necessarily suggest a correlative right in the debtor to see to it that no excessive or improper claim is asserted against his estate.

The court would also refer the parties to two cases which reach similar conclusions. In *Silverman v. Leucadia, Inc.*, 37 B.R. 200 (S.D.N.Y 1982), the court held that the debtor lacked standing to challenge a claim where a trustee had been appointed. *Id.* at 201. Likewise, *In re J.J. Mellon's, Inc.*, 59 B.R. 598 (Bankr.D.C.1986), the court held

that even if the debtor disputed a creditor's claim, no justiciable controversy existed until the trustee or debtor-in-possession filed an objection to the claim. *Id.* at 599.

The debtor argues that it was a "party in interest" because it also represented the interest of the former stockholders of the debtor corporation. This argument is specious, in that the record does not reflect that the debtor was at any time acting as a representative for any entity other than itself. Having concluded that appellants' claims were not challenged in the proceeding below, they should have been deemed allowed and the court will reverse the bankruptcy judge's judgment and remand the matter to the bankruptcy court with instructions to allow the claims of the three appellants.

IT IS SO ORDERED.