**In re Charles Scott COLEMAN and Shirley Joyce Coleman, Debtors.**

**Bankruptcy No. 490–41690–MT–7.**

United States Bankruptcy Court, N.D. Texas, Fort Worth Division.

July 11, 1991.

Waymon G. DuBose, Jr., Attorney, Tax Div., Dept. of Justice, Dallas, Tex.

Marvin Collins, U.S. Atty., Attention: Howard Borg, Fort Worth, Tex.

Lon Webster, III, Law Offices of St. Clair Newbern, III, Fort Worth, Tex.

Carol McQuien, Briefing Atty. to Massie Tillman.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

MASSIE M. TILLMAN, Bankruptcy Judge.

The United States of America's Motion to Strike Debtors' Objection to Claim of the Internal Revenue Service having come on for hearing on June 24, 1991, and the Court having considered the pleadings, relevant documents filed in the proceeding, evidence, the applicable law, and argument of counsel does hereby enter the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1. On September 11, 1990, the Internal Revenue Service filed a Proof of Claim in the aggregate amount of $37,900.00.

2. On September 18, 1990, an Agreed Order was entered converting this case from Chapter 11 to Chapter 7.

3. A Chapter 7 trustee has been appointed in this case.

4. This is basically a "no asset" case based on the representation of Debtors' counsel.

5. The Debtors have not shown that there will be a surplus in this estate.

6. Since the Debtors are disassociated from the estate, the Debtors have no interest in the distribution of assets from the estate.

7. On April 10, 1991, the Debtors filed an Objection to Claim of Internal Revenue Service.

8. On April 15, 1991, the United States of America filed its Motion to Strike Debtors' Objection to Claim of Internal Revenue Service.

9. On April 24, 1991, the Debtors filed a Response to Motion to Strike Debtors' Objection to Claim of Internal Revenue Service and Brief in Support Thereof.

### Conclusions of Law

#### I.

Pursuant to 11 U.S.C. § 502(a), only a party in interest may object to a claim.

#### II.

In a Chapter 7 case, when a debtor files for bankruptcy, he creates an estate separate and apart from himself. 11 U.S.C. § 323.

#### III.

The Courts have consistently held that a Chapter 7 debtor is not a party in interest for the purpose of objecting to claims against the estate. *Willemain v. Kivitz,* 764 F.2d 1019, 1022 (4th Cir.1985) (insolvent debtor lacked standing to object to trustee's sale of estate's primary asset); *Skelton v. Clements,* 408 F.2d 353, 354 (9th Cir.1969) (debtor lacks standing to obtain review of referee's order approving liquidation of assets); *In re Umbles Drew–Hale Pharmacy, Inc.,* 80 B.R. 421, 423 (Bankr. N.D.Ohio 1987) ("Clearly, under existing case law, the debtor has no standing to object to SBA's claim."); *In re Nefferdorf,* 71 B.R. 217, 219 (Bankr.E.D.Pa.1984) (debtor not a party in interest); 3 Collier on Bankruptcy 502.01, 502–12 (15th ed. 1987) (debtor not a party in interest).

#### IV.

There are two recognized exceptions where a debtor has standing to object to a claim: (i) where there is no trustee, and (ii) where there will be a surplus after distribu-

tion providing the debtor with a pecuniary interest in the estate. *In re Silverman*, 37 B.R. 200, 201 (Bankr.S.D.N.Y.1982).

## V.

The Debtors in the instant case have neither alleged nor established the existence of either circumstance. Certainly, the first exception does not provide them with standing, as there is a trustee in this case. Similarly, the Debtors have not shown that there will be a surplus in this estate. Accordingly, the Court holds that the Debtors lack standing to object to the pre-petition claims. *See In re Lapointe*, 39 B.R. 80, 81 (Bankr.W.D.Ky.1984).

## VI.

Where appropriate, a Finding of Fact shall be construed as a Conclusion of Law, and vice versa.

### Summary

Based upon the foregoing Findings of Fact and Conclusions of Law, it is this Court's opinion that the United States of America's Motion to Strike the Debtors' Objection to Claim of the Internal Revenue Service should be granted.

This Court will enter a separate Order in conformity with these Findings of Fact and Conclusions of Law.