### In the Matter of SINCLAIR'S SUNCOAST SEAFOOD, INC., Debtor.

### Bankruptcy No. 90–37–8B7.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

May 29, 1992.

---

Robert J. Wahl, St. Petersburg, Fla., for debtor.

Stephen L. Meininger, Trustee.

Gatlin, George and Hood, P.A., Tampa, Fla., for Trustee.

Sara Kistler, U.S. Trustee.

Susan Roark Waldron, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., G. Barry Wilkinson, St. Petersburg, Fla., for I.R.S.

Robert Genzman, U.S. Atty., Tampa, Fla., for the U.S.

ORDER GRANTING MOTION OF UNITED STATES TO DISMISS AND/OR DENY MOTIONS OF R.C. SINCLAIR AND DENYING R.C. SINCLAIR'S MOTION FOR RECONSIDERATION OF CLAIM OF IRS AND MOTION FOR ORDER FOR PAYMENT AND APPLICATION OF DIVIDENDS

THOMAS E. BAYNES, Jr., Bankruptcy Judge.

THIS CAUSE came on for hearing upon (1) R.C. Sinclair's Objection to Trustee's

Preliminary Report of Estate and Motion for Reconsideration of Claim of IRS and Motion for Order for Payment and Application of Dividends and (2) the Motion of United States to Dismiss and/or Deny Objections and Motions of R.C. Sinclair for Failure to State a Claim. The Court overruled R.C. Sinclair's Objection to Trustee's Preliminary Report of Estate, took the remaining Motions under advisement, and directed the United States and R.C. Sinclair to submit memoranda on whether R.C. Sinclair has standing to object to the claim of the IRS under Section 502(a) of the Bankruptcy Code (11 U.S.C.). The Court, having heard the argument of counsel and having reviewed the Motions, the record, and the memoranda submitted by the United States and R.C. Sinclair, finds as follows:

Sinclair's Suncoast Seafood, Inc. (Debtor), failed to pay certain employment taxes, including trust fund taxes,[1] for the second and third quarters of 1989. On November 1, 1989, the United States Internal Revenue Service (IRS) recorded a Notice of Federal Tax Lien in the amount of $20,422.33 for Debtor's unpaid employment taxes for the second quarter of 1989; and on December 27, 1989, the IRS recorded a Notice of Federal Tax Lien in the amount of $11,871.56 for Debtor's unpaid employment taxes for the third quarter of 1989.

On January 3, 1990, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On April 23, 1990, the IRS filed a proof of claim for Debtor's unpaid employment taxes for the second and third quarters of 1989. The proof of claim reflects a secured claim in the amount of $33,736.29, of which $28,320.14 is attributable to the unpaid employment taxes,[2] $1,216.30 to pre-petition interest, and $4,199.85 to pre-petition penalties.

Prior to Debtor's filing bankruptcy, R.C. Sinclair was Debtor's President and sole shareholder. On January 22, 1991, the IRS levied on Sinclair's credit union account to collect the responsible person penalty imposed on Sinclair pursuant to Section 6672 of the Internal Revenue Code (26 U.S.C.).[3] Debtor filed an emergency motion seeking a court order directing the Chapter 7 trustee to pay the IRS $20,000, which this Court granted. Sinclair now wants this Court to determine that he has standing as a party in interest to object to the IRS's proof of claim, and further, Sinclair wants this Court to order the IRS to apply any payments from Debtor first to that portion of the IRS's claim which is attributable to the unpaid employment taxes, then to that portion of the IRS's claim which is attributable to prepetition interest, and finally to that portion of the IRS's claim which is attributable to pre-petition penalties. This the Court declines to do.

■ Section 502(a) of the Bankruptcy Code provides, "A claim ... is deemed allowed, unless a party in interest ... objects." The Court of Appeals for the Eleventh Circuit, the court whose precedents this Court is bound to follow, has determined that all creditors of a debtor are parties in interest. *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.),* 898 F.2d 1544, 1553 (11th Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 387, 112 L.Ed.2d 398 (1990). Consequently, Sinclair,

---

1. Employers are required to withhold income taxes and social security taxes from their employees' gross wages. 26 U.S.C. §§ 3102(a) and 3402(a). These withheld sums are held in trust for the United States (26 U.S.C. § 7501(a)) and, hence, are commonly referred to as trust fund taxes. *Slodov v. United States,* 436 U.S. 238, 242–243, 98 S.Ct. 1778, 1782–1783, 56 L.Ed.2d 251 (1978).

2. Of this $28,320.14 in unpaid employment taxes, $26,871.26 is attributable to trust fund taxes.

3. Section 6672 of the Internal Revenue Code was designed to encourage employers to fulfill their statutory duties with respect to trust fund taxes. Section 6672 imposes a penalty on any person required to collect, truthfully account for, and pay over withholding taxes who willfully fails to collect or truthfully account for and pay over the withholding taxes. The penalty is equal to the total amount of the tax not collected or not accounted for and paid over. 26 U.S.C. § 6672(a).

as one of Debtor's creditors,[4] is a party in interest.

■ Having determined Sinclair is a party in interest, however, does not end the inquiry. Standing requires that the person seeking an adjudication be the proper party to request that adjudication. The party asserting standing must have a personal stake in the outcome of the controversy and suffer, or be threatened with, some actual injury. *E.F. Hutton & Co. v. Hadley,* 901 F.2d 979 (11th Cir.1990); *Rion v. Spivey (In re Springer),* 127 B.R. 702, 705 (Bankr.M.D.Fla.1991).

■ Analysis of standing requires the examination of both constitutional requirements and prudential considerations. To satisfy constitutional requirements, three factors must be present: (1) the party asserting standing must have suffered actual injury or been threatened with injury, (2) the injury must be traceable to the objectionable conduct, and (3) the relief requested must be likely to redress the injury. *E.F. Hutton,* 901 F.2d at 984; *In re Springer,* 127 B.R. at 705. To satisfy prudential considerations, three additional factors must be met: (1) the party asserting standing must be asserting his own rights and not the rights of a third party, (2) the injury must be particular to the litigant and not just a generalized grievance, and (3) the injury must fall within the zone of interests the statute is designed to protect. *E.F. Hutton,* 901 F.2d at 985; *In re Springer,* 127 B.R. at 905–906.

■ At a minimum, Sinclair fails to satisfy the third prudential consideration. The threatened injury of which Sinclair complains does not fall within the zone of interests the statute is designed to protect. The

Congressional policy underlying the Bankruptcy Code as a whole is to provide the debtor with a fresh start while at the same time providing fair treatment to creditors. *See Syntex Corp. v. Charter Co. (In re Charter Co.),* 862 F.2d 1500, 1502 (11th Cir.1989). Section 502(a) of the Bankruptcy Code is designed to maximize the estate for the benefit of all general creditors; it is not designed to enable a lone creditor to act solely in his own self-interest. Sinclair postulates no possible benefit to the bankruptcy estate as a result of contesting the IRS's claim. He is promoting solely his own self-interest. Were he successful in obtaining a court order directing the IRS to apply any payment from Debtor first to that portion of the IRS's claim which is attributable to the unpaid employment taxes, his potential liability as a responsible person under Section 6672 of the Internal Revenue Code would be reduced dollar for dollar for each dollar Debtor paid.

An examination of the dollar amounts involved in this case clearly demonstrates the estate will receive no benefit regardless of how the IRS allocates any payment received from Debtor. The Trustee's Preliminary Report of Estate shows that after payment of administrative expenses, only $7,957.45 remains for distribution to the IRS. If this $7,957.45 and the $20,000 previously distributed to the IRS were applied first to the unpaid employment taxes, there would still remain a deficit of $362.69 with respect to the unpaid employment taxes.[5] Consequently, even if Sinclair had standing, successfully contested the IRS's claim, and obtained the relief he is seeking here, there would be no benefit to the estate and no money would go to general creditors.

---

**4.** Sinclair filed eight proofs of claim—five based on promissory notes for monies loaned Debtor and three based on personal guarantees of Debtor's indebtedness.

**5.** On brief Sinclair points out that the IRS allocated $18,171.62 of the $20,000 already distributed to the second quarter of 1989 with the balance of $1,828.38 allocated to the third quarter of 1989. Sinclair then alleges these amounts have been applied against pre-petition penalties,

post-petition penalties, and post-petition interest. It strains credulity that the IRS allocated $18,171.62—the exact amount of employment tax due—to the second quarter of 1989 and then proceeded to apply that amount to interest and penalties rather than to the tax due. It appears to this Court that the IRS has done exactly what Sinclair is seeking—applied distributions from the estate first to the employment taxes due.

■ Rule 3007 of the Federal Rules of Bankruptcy Procedure sets out the procedure for objecting to claims. The Advisory Committee Note (1983) to Rule 3007 provides: "While the debtor's ... creditors may make objections to the allowance of a claim, the demands of orderly and expeditious administration have led to a recognition that the right to object is generally exercised by the trustee." The Editors' Comment to Rule 3007 explains: "If every creditor were entitled to challenge the claim of another creditor ... an orderly administration could degrade to chaos. A creditor may always request the trustee to object to a particular claim. If a trustee refuses to do so without justifying the failure to act, the creditor may pursue the objection." *See also* 3 Collier on Bankruptcy ¶ 502.01, at 502–13, 502–14 (15th ed. 1992).

The trustee represents the general creditors and acts for the benefit of the general creditors. *See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 379 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 93 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5879, 6335. Pursuant to Section 704(5) of the Bankruptcy Code, the trustee is required to examine proofs of claims and object to the allowance of any claim that is improper if a purpose would be served thereby.

> The trustee's principal duty is to collect and reduce to money the property of the estate for which he serves, and to close up the estate as expeditiously as is compatible with the best interests of parties in interest ... If a purpose would be served (such as if there are assets that will be distributed), the trustee is required to examine proofs of claims and object to the allowance of any claim that is improper.

H.R.Rep. No. 595 at 379; S.Rep. No. 989 at 93, U.S.Code Cong. & Admin.News 1978, pp. 5879, 6335.

In the instant case, it is clear no purpose would be served by requiring the trustee to object to the claim of the IRS. The estate would not be enhanced; the general creditors would not receive any greater distribution if Sinclair's objection were sustained.

The right of individual creditors to object to other creditors' claims may be akin to the debtor's own right to object to creditors' claims. Once a trustee is in place, it has been held, a Chapter 7 debtor only has standing to object to a claim if it appears there will be a surplus. Editors' Comment on Fed.R.Bankr.P. 3007; *In re Coleman*, 131 B.R. 59, 60–61 (Bankr.N.D.Tex.1991); *In re Olsen*, 123 B.R. 312, 313 (Bankr. N.D.Ill.1991); *cf. Kapp v. Naturelle, Inc. (In re Kapp)*, 611 F.2d 703, 706–707 (8th Cir.1979). While this Court is not convinced that a Chapter 7 debtor, especially an individual, is so limited in its remedies, in this case Sinclair's standing is non-existent for tax purposes.

■ In a Chapter 7 case in order for a creditor to object to another creditor's claim, the objecting creditor must establish that the trustee was requested to object to the claim but refused to do so and the objecting creditor must establish that if the objection to claim were sustained some benefit would redound to the estate. Here, Sinclair has done nothing more that establish that he and Debtor are co-debtors of the IRS and that he and the IRS are both creditors of Debtor. In a Chapter 7 case, the Bankruptcy Code was not enacted to enable non-debtor responsible persons to alleviate their liability under Section 6672 of the Internal Revenue Code.[6]

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion of the United States to Dismiss and/or Deny Objections

---

**6.** It is incongruous for Sinclair to complain he is harmed by the actions of the IRS since certainly as Debtor's President and sole shareholder he could have ensured that the employment taxes were paid as they came due and thus avoided any liability under Section 6672 of the Internal Revenue Code. *See Hanshaw v. United States (In re Hanshaw)*, 94 B.R. 753 (Bankr. M.D.Fla.1988).

and Motions of R.C. Sinclair for Failure to State a Claim is granted. It is further

ORDERED, ADJUDGED AND DE-CREED that R.C. Sinclair's Motion for Reconsideration of Claim of IRS and Motion for Order for Payment and Application of Dividends is denied.

DONE AND ORDERED.