983 F.2d 1065
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re Kenneth Jerry CARSON; Jane I. Carson, Debtors.
Kenneth Jerry CARSON, Plaintiff-Appellant,
v.
William B. LOGAN, Trustee, Defendant-Appellee.
 No. 92-3339.
 United States Court of Appeals, Sixth Circuit.
 Jan. 6, 1993.
 
 Before KENNEDY, BOYCE F. MARTIN, JR. and SUHRHEINRICH, Circuit Judges.
 
 
 1
 Kenneth Jerry Carson moves for counsel and for in forma pauperis status on appeal from the district court's order dated March 19, 1992, affirming the bankruptcy court's denial of in forma pauperis status on appeal, and directing Carson to pay the required fee of $105. This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Carson, the debtor in a Chapter 7 proceeding, filed an objection to the bankruptcy trustee's notice of a proposed sale of real estate. On December 31, 1991, the bankruptcy court struck the objection from the record on the grounds that Carson, as an insolvent debtor, is not a party in interest who may object to the allowance of claims against the estate. See In re Coleman, 131 B.R. 59, 60 (Bankr.N.D.Tex.1991). Carson appealed and sought IFP status in the district court. The court remanded the case to the bankruptcy court for a certification of good faith. Upon remand, the bankruptcy court found the existence of good faith but concluded that Carson was not entitled to IFP status because he had recently received a $52,500 civil suit settlement during the pendency of the bankruptcy case. The bankruptcy court also noted Carson's failure to disclose his receipt of the settlement proceeds in his affidavit of indigency.
 
 
 3
 The district court denied Carson in forma pauperis status on March 19, 1992, and on April 6, 1992, dismissed Carson's appeal for his failure to comply with the court's order to pay the filing fee by March 30, 1992. Carson appeals from the court's order denying him pauper status.
 
 
 4
 The only issue on appeal is whether the bankruptcy court's findings were clearly erroneous in denying Carson's motion to proceed in forma pauperis. In re Caldwell, 851 F.2d 852, 857 (6th Cir.1988) (an appellate court reviews a bankruptcy court's decision to determine whether its factual findings are clearly erroneous).
 
 
 5
 Upon review, we find that the bankruptcy court's findings were clearly erroneous. Carson admits receiving the settlement but claims that it was obtained before the pertinent 12 month period preceding his affidavit of indigency and that it was spent on legal fees, child support, college tuition and books, and for the repayment of loans. These allegations are sufficient to establish Carson's pauper status. However, we have examined the merits of the allegations set forth by Carson and conclude that they appear to be wholly frivolous. The complete absence of merit is sufficient to establish a lack of good faith, 28 U.S.C. § 1915(a), and sufficient to deny in forma pauperis status.
 
 
 6
 Accordingly, Carson's motion to proceed in forma pauperis and the motion for the appointment of counsel are hereby denied. The judgment of the district court is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.