**In re Mark KRESSNER, Debtor.**

**Hilda GORE, Executrix of the Estate of Bernard Gore, Deceased, Plaintiff,**

v.

**Mark KRESSNER, Defendant.**

**Bankruptcy No. 91 B 21431.
No. 93 Adv. 5045A.**

United States Bankruptcy Court,
S.D. New York.

Sept. 29, 1993.

Mark Kressner, defendant, pro se.

Holm Krisel & O'Hara, New York City, for plaintiff.

DECISION ON MOTION TO DISMISS COUNTERCLAIMS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AND FOR SANCTIONS PURSUANT TO RULE 11

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Plaintiff Hilda Gore, the executrix of the estate of Bernard Gore ("Gore"), has moved under Federal Rule of Civil Procedure 12(b)(6), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7012(b), to dismiss counterclaims interposed by Defendant Mark Kressner, the debtor in this Chapter 7 case. Plaintiff's motion applies to the within adversary proceeding which she has commenced to declare the estate's claim nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2) and (4), and to deny the debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(3), (4), and (6). The debtor has raised five counterclaims in his answer for (1) malicious prosecution, (2) abuse of process, (3) libel and slander, (4) prima facie tort, and (5) punitive damages.

Plaintiff argues that the debtor's counterclaims as asserted in his answer should be dismissed because they have no basis in law or fact. The debtor asserts that Plaintiff cannot succeed on her motion because the counterclaims properly state causes of action which are supported by law and the facts of this case.

### FACTUAL BACKGROUND

The Chapter 7 debtor in this adversary proceeding was formerly a practicing attorney specializing in negligence and malpractice cases from 1976 through 1985.

Plaintiff is the executrix of the estate of Gore, a deceased lawyer. Gore was an attorney who practiced in New York from 1935 until his death in 1982.

In 1980, Gore began to refer cases to the debtor who agreed to share the net fee earned in each case equally with Gore. Additionally, the debtor paid Gore a referral fee in connection with most of the cases. However, the debtor did not actually split

the fees with Gore in some of the referred cases.

In order to recover these fees, Plaintiff commenced an action in the Supreme Court, New York County, seeking a determination that the agreement entered into between Gore and the debtor was valid and enforceable. In a written decision dated December 30, 1988, the state court ruled that the agreement was enforceable because Gore had performed legal services in the cases in question. The court found that the debtor was liable on the contracts to Gore in the amount of $507,938.07. Judgment for the plaintiff was entered on March 29, 1989 in the state court.

On September 16, 1991, the debtor filed a voluntary petition in this court under chapter 7 of the United States Bankruptcy Code. On August 28, 1992, this court "so ordered" a stipulation between the debtor and Plaintiff extending until November 3, 1992 her time to object to the debtor's discharge.

Thereafter, on October 29, 1992, the court "so ordered" a stipulation between the parties further extending Plaintiff's time to object until February 2, 1993. On February 2, 1993, Plaintiff filed a summons and adversary complaint commencing this action.

On March 6, 1993, the debtor filed a motion for summary judgment dismissing the complaint. On May 25, 1993, this court rendered a decision denying the debtor's motion.

The complaint contains six causes of action against the debtor. Plaintiff asserts in the first cause of action that her claim against the debtor is nondischargeable under 11 U.S.C. § 523(a)(2)(A) on the ground that the debtor obtained the legal fees in question by false pretenses.

In the second cause of action, Plaintiff alleges that her claim is nondischargeable under 11 U.S.C. § 523(a)(4) because it arises from the debtor's fraud while he acted as a fiduciary.

In the third cause of action, Plaintiff asserts that her claim is nondischargeable under 11 U.S.C. § 523(a)(4) because it arose out of the debtor's embezzlement.

In the fourth cause of action, Plaintiff asserts that the debtor's discharge should be denied pursuant to 11 U.S.C. § 727(a)(3) because the debtor failed to keep or preserve books and records.

In the fifth cause of action, Plaintiff asserts that the debtor's discharge should be denied under 11 U.S.C. § 727(a)(4)(A) because the debtor knowingly falsely listed his assets on his petition.

In the sixth cause of action, Plaintiff asserts that the debtor's discharge should be denied under 11 U.S.C. §§ 727(a)(6)(A) and (C) because the debtor failed to appear at an examination ordered by the court under Federal Rule of Bankruptcy Procedure 2004 which had been adjourned several times to accommodate the debtor. Plaintiff also alleges that the debtor failed to produce documents, thereby violating this court's order.

In his answer filed on June 9, 1993, the debtor asserts five counterclaims which are at the center of this dispute. The first counterclaim alleges that Plaintiff has engaged in the malicious prosecution of the debtor. The debtor states that the within adversary proceeding was initiated without a proper basis, and that it was initiated solely to harm him, and that he was damaged in the amount of $25,000.

The second counterclaim alleges that Plaintiff has engaged in an abuse of process. In his answer the debtor asserts that Plaintiff's actions in this adversary proceeding are motivated by a desire to harass and cause injury to the debtor. He claims damages in the amount of $25,000.

The third counterclaim is for slander and libel against the Plaintiff. The counterclaim states that Plaintiff's agent, Mr. Krisel, wrote a letter to the Appellate Division for the State of New York accusing the debtor of criminal conduct. It further alleges that Mr. Krisel repeated these allegations in sworn, oral testimony on November 30, 1992, before a panel of the Committee to reinstate the debtor as an attorney at law to practice in the State of New York.

According to the debtor, these accusations were false and malicious, and caused him harm in the amount of $100,000.

The fourth counterclaim is against Plaintiff for interference with a prospective advantage, a prima facie tort. He claims that on January 31, 1990, Plaintiff's attorney, Jerome Berkowitz, wrote a letter to the Central Federal Savings Bank and attended a meeting in an attempt to interfere with the business relations of the debtor's limited partnership, Roaring Brook Country Estates ("Roaring Brook").

The debtor also claims that on March 6, 1990 Plaintiff wrote a letter to the Trinity Mortgage Company. Roaring Brook was allegedly seeking a refinancing for a real estate development through Trinity Mortgage Company. The counterclaim states that Plaintiff has sought to damage the debtor's ability to do business and to bring a business venture to profitability. The debtor alleges that he suffered damages in the amount of $100,000.

The fifth counterclaim is for punitive damages in the amount of $250,000. This claim alleges that Plaintiff engaged in serious harassment, malice and misconduct.

Plaintiff has moved to dismiss the counterclaims under Federal Rule of Civil Procedure 12(b)(6). In support of her motion, Plaintiff argues that the five counterclaims fail to state causes of action as they are unsupported by the law or the facts as taken from the face of the pleadings.

Plaintiff has also moved for sanctions pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure because cursory research would have revealed to the debtor that his claims have no basis in law or fact.

The debtor opposes Plaintiff's motion and argues that his counterclaims set forth valid causes of action. He asserts that the counterclaims may properly be adjudicated in this adversary proceeding because many issues in Plaintiff's complaint and the defense of those issues are the same transactions that give rise to the counterclaims.

## DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(6), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7012(b), a party may move to dismiss a counterclaim on the ground that it fails to state a claim upon which relief can be granted. In determining a motion under Rule 12(b)(6), the court may not consider any material other than the pleadings. *Carter v. Stanton,* 405 U.S. 669, 671, 92 S.Ct. 1232, 1234, 31 L.Ed.2d 569 (1972); *JM Mechanical Corp. v. United States,* 716 F.2d 190, 197 (3d Cir.1983); *Roth Steel Prod. v. Sharon Steel Corp.,* 705 F.2d 134, 155 (6th Cir.1983).

The court must presume all factual allegations in the counterclaims to be true and make all reasonable inferences in favor of the non-moving party. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The moving party has the burden of proving that no claim is stated. *Johnsrud v. Carter,* 620 F.2d 29, 33 (3rd Cir.1980); *In re Brandt–Airflex Corp.,* 69 B.R. 701, 708 (Bankr. E.D.N.Y.1987). The court should deny a motion under Rule 12(b)(6) unless it appears beyond doubt that the non-moving party can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

The debtor's five counterclaims are in fact four substantive causes of action—malicious prosecution, abuse of process, prima facie tort and libel and slander—and one related prayer for punitive damages.

Although neither party raised the issue, the law is clear that a debtor's counterclaim is improper in a dischargeability proceeding and that the trustee in bankruptcy, and not the debtor, is the proper person to recover prepetition claims for the estate. *In re Kaufman,* 85 B.R. 706, 708 (Bankr.S.D.N.Y.1988); *See Willemain v. Kivitz,* 764 F.2d 1019, 1022 (4th Cir.1985); *In re Silverman,* 10 B.R. 734, 735 (Bankr. S.D.N.Y.1981), aff'd, 37 B.R. 200, 201 (S.D.N.Y.1982).

 A debtor lacks standing to object to a claim against the estate because he has no interest in the distribution to creditors of assets of the estate. *Id.* Because the Chapter 7 trustee has not abandoned these claims, they remain property of the estate. Therefore, Plaintiff's motion is granted and the debtor's counterclaims should be dismissed.

### FEDERAL RULE OF BANKRUPTCY 9011

■ Rule 11 Sanctions are bottomed on the fact that an attorney signed a pleading, motion or other paper in litigation, which the attorney certifies, "is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose ..." Fed.R.Bankr.P. 9011(a).

In *Eastway Construction Corporation v. City of New York*, 762 F.2d. 243 (2d Cir.1985), the United States Court of Appeals for the Second Circuit described when Rule 11 sanctions would be appropriate by stating, "... where it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stands, Rule 11 has been violated." *Id.* at 254.

It is clear from the foregoing discussion that had the debtor made a minimal effort to research the issues involving counterclaims in a dischargeability action, he would have been aware that a debtor may not properly assert such claims. Therefore, reasonable sanctions are warranted in this case. Accordingly, the Plaintiff shall be reimbursed attorney's fees in the amount of $500.

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 134 and 157(a). This is a core proceeding in accordance with 28 U.S.C. §§ 157(b)(2)(A), (I) and (J).

2. Plaintiff's motion to dismiss the debtor's counterclaims for malicious prosecution, abuse of process, libel and slander, and prima facie tort is granted.

3. Plaintiff's motion for sanctions pursuant to Federal Rule of Bankruptcy Procedure 9011 is granted. Accordingly, the debtor shall pay to Plaintiff attorney's fees in the amount of $500.

SETTLE ORDER on notice.