**In re TRUSTED NET MEDIA HOLDINGS, LLC,**
**Debtor.**

**Robert Trauner, Chapter 7 Trustee for Trusted Net Media Holdings, LLC., Movants,**

**v.**

**David Huffman, Barbara Huffman, Jon David Huffman, Respondents.**

**No. 02–93973–CRM.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

July 28, 2005.

Gregory D. Ellis, J. Michael Lamberth, Lamberth, Cifelli, Stokes & Stout, PA, Atlanta, for Robert Trauner, trustee.

Marshall H. Jaffe, Marietta, GA, Hayden Pace, Atlanta, GA, Edward M. Pomeranz, New York, NY, Richard L. Robbins, Sutherland, Asbill & Brennan, LLP, Atlanta, GA, James R. Sacca, Greenberg Traurig, LLP, Atlanta, GA, John K. Wells, Marietta, GA, for Creditors.

## ORDER

C. RAY MULLINS, Bankruptcy Judge.

**THIS MATTER** is before the Court on the Respondents' Motion to Allow Filing of Motions for Summary Judgment; Motion for Summary Judgment for Court to Look Behind the State Court Order Granted the Morrison Agency; Motion for Summary Judgment that the Debtor is Not Liable to the Morrison Agency, Inc. under Contract; Motion for Summary Judgment that the Debtor is Not Liable to the Morrison Agency, Inc. in Contract under the Doctrine of Apparent Authority; Motion for Summary Judgment that the Debtor is Not Liable to the Morrison Agency, Inc. under the Doctrine of Alter Ego; Motion for Summary Judgment that the Debtor's Liability to the Morrison Agency, Inc. is Limited to Quantum Meruit for the Maximum Sum of $66,055.60; Motion for Summary Judgment that the Debtor is Entitled to a Contribution Credit of $58,518.82 against Sums Owed by Debtor to ViewVillage/Media under the Uncontested Promissory Notes; Motion for Summary Judgment that the Debtors [*sic* ] Liability to Greenleaf Capital Partners, II, LLC is Limited to the Principal Sum of $447,000.00 Plus Applicable Interest (the "Motion") (Doc. No. 130). The Court will construe the Motion as a motion for leave to file motions for summary judgment contesting creditors' claims.

## I. PRESENT POSTURE

On August 27, 2004, the Court held a status conference on the supplemental objections to proofs of claim filed by (i) David Huffman, Barbara Huffman, and Jon David Huffman (collectively, the "Huffmans"); (ii) Greenleaf Capital Partners, II, LLC ("Greenleaf"); and (iii) The Morrison Agency, Inc. (the "Morrison Agency"). At the status conference, the Court scheduled the Trustee's Supplemental Objection to

Proofs of Claim Filed by David Huffman, Barbara Huffman, and Jon David Huffman for an evidentiary hearing on October 27, 2004. The Court requested that the parties submit briefs addressing the issue of whether, after the appointment of a chapter 7 trustee, creditors have standing to object, prosecute, or seek summary judgment against other creditors whose claims are subject to a pending objection by the trustee. On September 15, 2004, counsel for David Huffman filed the Brief of David Huffman Regarding Standing to File Motion for Summary Judgment and Standing to Cross Examine Witnesses and Introduce Evidence Regarding Claims of The Morrison Agency, Inc. and Greenleaf Capital Partners, II, LLC (the "Huffman Brief") (Doc. No. 134). On September 16, 2004, the Trustee filed the Response and Objection Based on Lack of Standing to Various Motions for Summary Judgment Filed By and On Behalf of David Huffman, Barbara Huffman, and Jon David Huffman (the "Trustee's Response") (Doc. No. 135). On September 17, 2004, Greenleaf Capital Partners, II, LLC's Memorandum of Law in Objecting to David W. Huffman's Standing to File Summary Judgment Motion(s) was filed ("Greenleaf's Response") (Doc. No. 136).

The issue presented by the Motion and the Huffman Brief is whether a creditor has standing to contest the validity of proofs of claim, despite the chapter 7 trustee's prosecution of objections to these proofs of claim. Specifically, whether, after the appointment of a chapter 7 trustee, creditors have standing to object, prosecute, or seek summary judgment against other creditors whose claims are subject to a pending objection by the trustee. The Court holds that a creditor does not have standing to contest the validity of proofs of claim where the chapter 7 trustee has filed and is prosecuting objections to these claims in accordance with the trustee's statutory duties and authority.

## II. FACTS

On April 12, 2002, the Morrison Agency commenced an involuntary chapter 7 bankruptcy case against Trusted Net Media Holdings, LLC (the "Debtor"). The Debtor failed to file a response or answer the petition, and the Court entered an order for relief under chapter 7 on May 15, 2002. Shortly thereafter, Robert Trauner was appointed the Chapter 7 Trustee (the "Trustee"). On June 12, 2002, the Trustee filed the Report of Assets and Request to Set Bar Date. The Clerk's Office then issued The Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines, specifying that October 15, 2002 was the deadline for filing a proof of claim for all creditors except governmental units.

On January 30, 2003, the Trustee filed the Preliminary Objection to Proofs of Claim and Motion Requesting Entry of Order Establishing Discovery Deadlines and Procedure for Conducting Discovery (Doc. No. 38). On February 26, 2003, the Court entered the Order Establishing Discovery Deadlines and Procedures for Objecting to Proofs of Claim and Setting Hearing on Any Objections Thereto ("Order Establishing Procedures for Objecting to Proofs of Claim") (Doc. No. 42). Pursuant to this order, "[t]he rules governing adversary proceedings as made applicable to contested matters under Rule 9014 of the Federal Rules of Bankruptcy Procedure shall be applicable and shall govern discovery in this case." Moreover, "[a]s soon as practicable, the Trustee shall file his amended and/or supplemental objection to proofs of claim setting forth the factual and legal basis for each objection and requesting that a hearing be set."

On September 4, 2003, the Trustee filed the Supplemental Objection to Proofs of

Claim Filed by David Huffman, Barbara Huffman, and Jon David Huffman ("Supplemental Objection to the Huffmans' Claims") (Doc. No. 66). On October 14, 2003, the Huffmans, proceeding *pro se,* filed the Answer and Responses to Trustee's Supplemental Objection to Proofs of Claim Filed by David Huffman, Barbara Huffman, and Jon David Huffman (Doc. No. 67). On January 8, 2004, the Huffmans, proceeding *pro se,* filed the Supplemental Answers to Trustee's Supplemental Objection to Proofs of Claim Filed by David Huffman, Barbara Huffman, and Jon David Huffman (Doc. No. 75). On October 20, 2004, the Trustee filed the Brief in Support of Supplemental Objection to Proofs of Claim Filed by David Huffman, Barbara Huffman, and Jon David Huffman and Response and Objection to Amended Proofs of Claim (Doc. No. 135). Also on October 20, 2004, Greenleaf Capital Partners, II, LLC's Memorandum of Law Filed in Support of the Trustee's Objection to the Amended Proofs of Claim Filed by David Huffman, Barbara Huffman, and John David Huffman was filed (Doc. No. 136).

The Trustee also filed supplemental objections to proofs of claim filed by two other creditors. On January 27, 2004, the Trustee filed the Supplemental Objection to Proofs of Claim Filed By or On Behalf of Greenleaf Capital Partners, II, LLC (Doc. No. 76). On February 17, 2004, the Trustee filed the Supplemental Objection to Proofs of Claim Filed By or On Behalf of The Morrison Agency (Doc. No. 77). Responses were filed by both Greenleaf and the Morrison Agency.

On August 23, 2004, the Huffmans, now represented by counsel, filed the Motion. On that same date, the Huffmans also filed amended proofs of claim.

On August 27, 2004, the Court held a status conference on the supplemental objections to proofs of claim filed by the Huffmans, Greenleaf, and the Morrison Agency. At the status conference, counsel for the Huffmans requested that the Court consider the Motions for Summary Judgment and allow the Huffmans to participate in future hearings on the Trustee's supplemental objections to proofs of claim filed by Greenleaf and the Morrison Agency. The Trustee, as well as the Morrison Agency and Greenleaf, raised concerns about the Huffmans' standing. The Court requested that the parties submit briefs addressing the issue of whether, after the appointment of a chapter 7 trustee, creditors have standing to object, prosecute, or seek summary judgment against other creditors whose claims are subject to a pending objection by a trustee.

### III. ARGUMENTS

On September 15, 2004, counsel for David Huffman filed the Huffman Brief. Huffman contends that because the Order Establishing Procedures for Objecting to Proofs of Claim makes applicable the rules governing adversary proceedings (as made applicable to contested matters under Rule 9014 of the Federal Rules of Bankruptcy Procedure) to objections to proofs of claim, he is authorized to file a motion for summary judgment. He also argues that he is the only preferred creditor of the Debtor, a "party in interest" entitled to due process of law, whose pecuniary interests are affected by the objections to claim. Thus, "David Huffman has standing to bring these motions for they bear directly on his preferred claim." Huffman Brief at 9. Moreover, because the Trustee represents all creditors and the creditors have conflicting interests, the interests of each creditor will be best served if each creditor can cross examine witness and present evidence concerning relevant issues to each claim. Therefore, the creditors

should be granted standing to prosecute objections to the claims of any creditor.[1]

On September 16, 2004, the Trustee's Response was filed in objection to the Huffman Brief. The Trustee contends that, as a general rule, the chapter 7 trustee alone is the proper party to object to the claim. *Kowal v. Malhenius (In re Thompson)*, 965 F.2d 1136, 1147 (1st Cir. 1992). The Trustee sets forth the procedure for filing objections to proof of claim, and notes that the Bankruptcy Code and Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") impose upon the Trustee the obligation to review and object to claims when appropriate. 11 U.S.C. §§ 502, 7044; Fed. R. Bankr.P. 3017. Furthermore, the Trustee asserts that a creditor will only receive authorization to object to the claim of another creditor if a trustee refuses to act and the creditor establishes that the objection will benefit the estate. *Thompson*, 965 F.2d at 1147. *See also In re Dominelli*, 820 F.2d 313, 317 (9th Cir.1987); *In re Weeks, Thomas & Lysaught, Chartered*, 97 B.R. 46, 47 (D.Kan.1988); *In re Fox*, 64 B.R. 148, 151 (Bankr.N.D.Ohio 1986). The Trustee relies on *In re Morrison* for the proposition that "[t]he needs of orderly and expeditious administration do not permit the full and unfettered exercise of [a creditor's] right to object to the allowance of another creditor's claim. The most important qualification attached to the right of a creditor to object is that it is the trustee who acts as the spokesman for all the creditors in discharge of the trustee's duty unless the trustee refuses to take action." 69 B.R. 586, 589 (Bankr.E.D.Pa.1987). Because the Trustee has filed objections to the claims filed by the Huffmans, Greenleaf, and the Morrison Agency, the Trustee

argues that it is the Trustee who is the party vested with the authority and standing to pursue said objections. Accordingly, the creditors lack standing to object to the claims of other creditors or to prosecute the Trustee's objections to claims.

On September 17, 2004, Greenleaf's Response was filed. Essentially, Greenleaf concurs with the Trustee's determination that Huffman lacks standing to object to another creditor's proof of claim. Greenleaf observes that the Advisory Committee Note (1983) to Bankruptcy Rule 3007 provides "while the debtor's other creditors may make objections to the allowance of a claim, the demands of orderly and expeditious administration have led to a recognition that the right to object is generally exercised by the trustee." Greenleaf also quotes the Editors' Comment to Rule 3007, which explains "[i]f every creditor were entitled to challenge the claim of another creditor ... an orderly administration could degrade to chaos. A creditor may always request the trustee to object to a particular claim. If a trustee refuses to do so without justifying the failure to act, the creditor may pursue the objection." *Matter of Sinclair's Suncoast Seafood, Inc.*, 140 B.R. 588, 592 (Bankr.M.D.Fla.1992); 3 Collier on Bankruptcy 502.01, at 502–13, 502–14 (15th ed.1992). Greenleaf echoes the Trustee's argument that, absent leave of court, the chapter 7 trustee alone may interpose objections to proof of claim. *In re Manshul Const. Corp.*, 223 B.R. 428, 430–31 (Bankr.S.D.N.Y.1998); *In re The Charter Co.*, 68 B.R. 225, 227 (Bankr. M.D.Fla.1986); *In re Morrison*, 69 B.R. 586, 589 (Bankr.E.D.Pa.1987); *Werth v. First Interstate Bank of Denver, N.A. (In re Werth)*, 54 B.R. 619, 622 (D.Colo.1985). However, Greenleaf recognizes that some

---

**1.** For the most part, Huffman did not rely on caselaw to support his arguments regarding standing. He focused on the effect that the claims of the Morrison Agency and Greenleaf would have on his preferred claim.

courts have held that the interest of secured creditors may diverge from those of the trustee, as representative of unsecured creditors, and thus secured creditors may independently object to claims. *In re Colt Engin'g,* 288 B.R. 861, 877 (Bankr.C.D.Cal. 2003); *In re Dominelli,* 820 F.2d 313 (9th Cir.1987); *In re Video Cassette Games, Inc.,* 108 B.R. 347 (Bankr.N.D.Ga.1989). Nonetheless, Greenleaf notes that Huffman is an *unsecured* creditor. Finally, Greenleaf asserts that "[l]eave to object is not generally accorded to an individual creditor unless the Chapter 7 Trustee refuses to object, notwithsdanding a request to do so, and the bankruptcy court permits the creditor to object in the trustee's stead." Greenleaf's Response at 3 (citing 11 U.S.C. § 704(5); *In re Dominelli,* 820 F.2d 313, 317 (9th Cir.1987); *In re Bakke,* 243 B.R. 753, 755–56 (Bankr.D.Ariz.1999); *In re Weeks, Thomas & Lysaught, Chartered,* 97 B.R. 46, 47 (D.Kan.1988); *In re The Charter Co.,* 68 B.R. 225, 227 (Bankr. M.D.Fla.1986); *In re Parker Montana Co.,* 47 B.R. 419, 421–22 (D.Mont.1985)). Since the Chapter 7 Trustee is prosecuting objections to proofs of claim, Greenleaf contends that Huffman lacks standing to file the Motions for Summary Judgment, as well as to prosecute the Trustee's objection.

## IV. ANALYSIS

■ The procedure for objecting to a proof of claim is set forth in sections 502(a) and 704(5) of the Bankruptcy Code, as well as in Bankruptcy Rule 3007. Section 502(a) provides, in relevant part, "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects." 11 U.S.C. § 502(a). Section 704(a)(5) mandates that the trustee shall "if a purpose would be served, examine proofs of claim and object to the allowance of any claim that is improper." 11 U.S.C. § 704(a)(5).

Establishing the procedure for filing an objection, Bankruptcy Rule 3007 states:

> An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing. If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding.

Fed. R. Bankr.P. 3007. While these provisions fail to address whether a creditor may object to a proof of claim, the Advisory Committee Note to Bankruptcy Rule 3007 elaborates:

> While the debtor's other creditors may make objections to the allowance of a claim, the demands of orderly and expeditious administration have led to a recognition that the right to object is generally exercised by the trustee. Pursuant to § 502(a) of the Code, however, any party in interest may object to a claim. But under § 704 the trustee, if any purpose would be served thereby, has the duty to examine proofs of claim and object to improper claims.

Fed. R. Bankr.P. 3007 (Advisory Committee Note 1983). Therefore, generally the Trustee is the proper party to review and object to proofs of claim.

The Court finds the arguments of the Trustee and Greenleaf to be persuasive. The majority of courts have ruled that a chapter 7 trustee alone may file objections to proofs of claim. *Kowal v. Malkemus (In re Thompson),* 965 F.2d 1136 (1st Cir. 1992); *In re Dominelli,* 820 F.2d 313, 317 (9th Cir.1987) (trustee "optimal party" to object); *In re I & F Corp.,* 219 B.R. 483, 484 (Bankr.D.Ohio 1998); *In re Fox,* 64 B.R. 148, 151 (Bankr.N.D.Ohio 1986) (al-

though a creditor is a "party in interest" under section 502, the efficient administration of the estate dictates that the right to object to claims should be exercised by the trustee). *See also, In re Willemain,* 764 F.2d 1019, 1022 (4th Cir.1985) (generally debtor lacks standing to appeal proposed sale); *Kapp v. Naturelle, Inc.,* 611 F.2d 703, 706–07 (8th Cir.1979) (generally debtor lacks standing to object to claim); *In re Woodmar Realty Co.,* 241 F.2d 768, 770–71 (7th Cir.1957) (generally debtor lacks standing to object to claim); *Caserta v. Tobin,* 175 B.R. 773, 774–75 (S.D.Fla.1994) (debtor lacks standing to object to claim); *In re Weeks, Thomas & Lysaught, Chartered,* 97 B.R. 46, 47 (D.Kan.1988) (once trustee is appointed, debtor is no longer a "party in interest" may not object to claims); *In re Silverman,* 37 B.R. 200 (S.D.N.Y.1982) (debtor lacks standing to object to claim); *In re Creditors Serv. Corp.,* 206 B.R. 174, 176 (Bankr.S.D.Ohio 1997) (where all claims of creditors will not be paid and there will be no surplus to the debtor, there is no standing to object to the administration for lack of any pecuniary interest in the liquidation of assets and distributions to creditors); *In re Woods,* 139 B.R. 876, 877 (Bankr.E.D.Tenn.1992) (debtor lacks standing to object to claim). *But cf. In re Parker Montana Co.,* 47 B.R. 419, 421–22 (D.Mont.1985) ("The interests of secured creditors have been distinguished from those of general creditors because security interests are at stake for secured creditors. Therefore, secured creditors are generally permitted to contest the claims of general creditors without resort to the trustee.") (internal citations omitted).

Furthermore, several courts have held that where a trustee is appointed to administer an estate, a creditor can object to the claim of another creditor only if, upon demand, the trustee refuses to do so and the court grants the creditor the right to act on behalf of the trustee. *Thompson,* 965 F.2d at 1147 ("Leave to object is not generally accorded an individual creditor unless the chapter 7 trustee refuses to object[.]"); *Power Five v. GMC (In re Automotive Armature Co.),* 219 B.R. 513, 519 (D.Ind.1998) ("the common practice [is] ... objecting to another creditor's claim only when the Trustee refuses to object"); *Werth v. First Interstate Bank of Denver, N.A. (In re Werth),* 54 B.R. 619, 622 (D.Colo.1985); *In re Sinclair's Suncoast Seafood, Inc.,* 140 B.R. 588, 592 (Bankr.M.D.Fla.1992); *In re Morrison,* 69 B.R. 586, 589 (Bankr.E.D.Pa.1987); *In re The Charter Co.,* 68 B.R. 225, 227 (Bankr. M.D.Fla.1986); 4 Collier on Bankruptcy § 502.01 (15th ed. rev.2004) ("Yet the needs of orderly and expeditious administration do not permit the full and unfettered exercise of [the right of a creditor to object to the allowance of another creditor's claim]. As noted above, it is the trustee who acts as the primary spokesman for all the creditors in the discharge of the trustee's duty.") (citing the 1983 Advisory Committee Note to Bankruptcy Rule 3007; *Fred Reuping Leather Co. v. Fort Greene Nat'l Bank,* 102 F.2d 372 (3d. Cir.1939); *In re American Fidelity Corp., Ltd.,* 28 F.Supp. 462 (S.D.Cal.1939)). Additionally, the creditor must also establish that the estate would benefit if the objection to the proof of claim were to be sustained. *In re Simon,* 179 B.R. 1, 7 (Bankr. D.Mass.1995) (citing *Sinclair's Suncoast Seafood, Inc.,* 140 B.R. at 592).

In the instant case, the Trustee did not decline or refuse to challenge the proofs of claim filed by Greenleaf and the Morrison Agency. Rather, the Trustee filed objections to these proofs of claims and sought to prosecute these objections. In fact, the Huffmans' motions for summary judgment reiterate many of the same arguments set forth in the Trustee's objections. Because

the Trustee is properly discharging his duty, the Huffmans lack standing to file motions for summary judgment and to participate in the prosecution of the Trustee's objections. To allow the Huffmans to intervene would clearly hinder the orderly and efficient administration of the estate. Accordingly,

**IT IS ORDERED** that the Motion be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Huffmans are not permitted to file motions for summary judgment contesting the claims of Greenleaf or the Morrison Agency, nor do the Huffmans have standing to object or prosecute objections to the claims of Greenleaf or the Morrison Agency.

The Court reserves the right to enter supplemental findings regarding this matter.

The Clerk's Office is directed to serve a copy of this Order upon the Chapter 7 Trustee, Counsel for the Chapter 7 Trustee, Counsel for the Huffmans, Counsel for Greenleaf, Counsel for the Morrison Agency, and the United States Trustee.